The Toledo, St. Louis and Kansas City Railroad Company *v.* Cupp.

No. 1,057.

THE TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD
COMPANY *v.* CUPP.

RECORD.—*Plat, When May be Inserted After Bill is Signed by Judge.*—
*Certiorari.*—*Presumption.*—*Appellate Court Practice.*—It is not nec-
essary to incorporate a plat into a bill of exceptions before the judge
has signed the same, but it is sufficient to refer to such evidence
(the plat) by the words "here insert," and afterwards insert the
plat in its proper place in the record, and such action will not be
ground for *certiorari.* In the absence of any showing or statement
to the contrary, the court will presume that the transcript of the
record, on appeal, duly authenticated by the certificate of the clerk,
is correct.

From the Adams Circuit Court.

*S. O. Bayless* and *C. G. Guenther,* for appellant.
*E. R. Wilson* and *J. J. Todd,* for appellee.

DAVIS, C. J.—The appellee has filed a petition and mo-
tion herein, asking for a writ of certiorari for the correc-
tion of the transcript of the record, in this, that the bill
of exceptions contains what purports to be a plat of Bar-
well and Hall's addition to the city of Bluffton, when,
in truth and in fact, it is alleged that "said plat never
was incorporated in said bill of exceptions signed by
Judge Heller."

The plat, as shown by the record, was introduced in
evidence by agreement, and was marked exhibit A. The
bill of exceptions recites that "thereupon said map was
introduced in evidence, and is as follows," and then fol-
lows the plat.

It is not contended that the plat set out in the bill of
exceptions was not in fact introduced in evidence.
Neither is it claimed that the plat has been inserted in
the bill of exceptions since the record was made by the

The Toledo, St. Louis and Kansas City Railroad Company *v.* Cupp.

clerk.   The sole and only contention in behalf of appellee is that the plat was not incorporated in the bill of exceptions when signed by the judge.   The definition of the word incorporated is, "united in one body."   It was not necessary to incorporate—bodily insert—the plat into the original bill of exceptions, prior to the signing thereof by the judge.   Section 626, R. S. 1881.

It was sufficient to refer to such plat, where the appropriate place therefor was designated by the words "here insert."

For aught that appears in the showing made in this case, the plat was, when the bill was signed, referred to at the appropriate place by such words, and when the same was copied by the clerk the plat so introduced in evidence was inserted by him at the appropriate place in the record.   If there was any claim that such was not the fact, a different question might be presented, but the mere fact that the plat was not bodily incorporated into the bill of exceptions when it was signed by the judge, is not sufficient, for the reasons stated, to authorize the court to grant the writ directing the clerk to place "nothing therein that was not contained in the bill of exceptions as signed by the judge."

All we now decide is that it was not necessary to incorporate said plat into the bill of exceptions before the judge signed the same, but it was sufficient to refer to such evidence if its appropriate place was designated by the words "here insert," and, in the absence of any showing or statement to the contrary, we will presume that the transcript of the record on this appeal, duly authenticated by the certificate of the clerk, is correct.

The motion is therefore overruled.

Filed Dec. 15, 1893.