**SALADINER v. POLANCO et al.**

No. 9000.

Court of Civil Appeals of Texas. Austin.

Jan. 8, 1941.

Rehearing Denied Jan. 29, 1941.

Ewell H. Muse, Jr., and Coleman Gay, both of Austin, for appellant.

Polk Shelton, Chas. F. Herring, and Looney & Clark, all of Austin, for appellees.

BLAIR, Justice.

This appeal is from an order overruling the plea of privilege of appellant, J. M. Saladiner, to be sued in Brazos County where he resided. The suit of appellee, Mike Polanco, was for damages for the death of his wife which resulted from a collision of the automobile in which she was riding with the truck of appellant driven by his agent or employe; and by controverting plea appellee sought to and sustained venue in Travis County under Sub. 9 of Art. 1995, which provides that "a suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed."

It is conceded by appellant that the proof was sufficient to sustain venue of the suit in Travis County and he states that "the sole ground of this appeal is that, as a matter of law, the controverting plea filed by (appellee) was insufficient and that (appellant's) general demurrer to the controverting plea should have been sustained." The controverting plea alleged the following acts of negligence: "That the agent of the defendant, Arthur Hearn, was driving said truck belonging to the defendant at the time and place of the accident in Travis County, Texas, in excess of the speed limit of the State of Texas, to-wit, more than 45 miles per hour. That the agent of the defendant failed to keep a proper lookout at the time and place of the collision. That all of the above acts were within the scope of the employment of the agent of the defendant. The agent of the defendant was driv-

266

ing said truck recklessly, carelessly and negligently at the time said accident occurred. That the agent of the defendant was driving said truck at the time and place under all circumstances at a speed in excess of which is reasonably safe and prudent. That the agent of the defendant, acting within the scope of his authority, failed to have proper lights that were visible under normal atmospheric conditions for a distance of 500 feet in front of said vehicle. That the agent of the defendant failed to operate said motor vehicle so as to have the same under control at the time and under the circumstances in ' question. That the agent of the defendant failed to sound his horn immediately prior to the time of the collision. That the agent of the defendant failed to go around to the left of the motor vehicle in which the plaintiff's wife, now. deceased, was riding."

The controverting plea then referred to and adopted portions of plaintiffs' original petition as follows: "That the plaintiffs herein adopt and make a part hereof the plaintiffs' original petition for the purpose of showing the acts of negligence on the part of the defendant and his agent at the time of said accident showing that the same was trespass within view of Article 1995, Rev.Civ.Stat.1925 under subdivision 9 thereof."

 We regard this case as being controlled by the cases of A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W. 2d 619, and Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391. Suffice it to say that the controverting plea itself did not state a cause of action by appellee against appellant. It merely alleged that appellant's agent was guilty of certain acts of negligence in the operation of the truck at the time of the accident in Travis County; and that the agent "failed to go around to the left of the motor vehicle in which plaintiff's wife, now deceased, was riding." It does not allege that the wife died as the result of any injury received in the collision; nor that there was a collision; nor that any damages resulted therefrom. The reference to and adoption of the petition was limited to and was only "for the purpose of showing acts of negligence on the part of the defendant and his agent at the time of said accident showing that same was a trespass within the view of Article 1995, Rev.Civ.Stat.1925 under subdivision 9 thereof." This reference did not adopt

nor incorporate the cause of action asserted by appellee in his petition. The two cases above cited hold that the controverting affidavit must itself state a cause of action for. trespass; and that the petition cannot be considered 'in aid of the controverting affidavit unless it is adopted or so incorporated by reference showing that plaintiff intended to unreservedly swear to all facts contained in the petition as constituting his cause of action for damages resulting from the collision or trespass.

Since the facts showed venue of the suit in Travis County, we reverse the order of the trial court appealed from and remand the cause in order that appellee may amend his controverting affidavit so as to comply with the rule announced by the Supreme Court in the cases herein cited.

Reversed and remanded.