## BATES v. STINNETT.
### No. 14502.

Court of Civil Appeals of Texas.
Fort Worth.

March 19, 1943.

Rehearing Denied April 23, 1943.

Burford, Ryburn, Hincks & Charlton and Logan Ford, all of Dallas, for appellant.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellee.

SPEER, Justice.

This appeal involves the plea of privilege and venue. The parties will be designated as they were in the trial court.

Plaintiffs A. B. Bates and his wife sued Beaumont Stinnett, a resident of Potter County, Texas, in the district court of Kaufman County, for damages growing out of injuries sustained by the wife in an automobile collision between a car in which she was riding and the one owned and driven by the defendant. The accident took place in Kaufman County, Texas.

Defendant timely filed his plea of privilege to be sued, if at all, in Potter County, the place of his residence. Plaintiffs in due time filed their controverting affidavit under Rule 86, Texas Rules of Civil Procedure. It contained a paragraph in which plaintiffs denied under oath the truth of that provision in the plea to the effect that no exception to exclusive venue in the county of one's residence exists in said cause. The controverting affidavit also recited the filing of plaintiffs' petition and stipulates: "Which (petition) is hereby adopted in its entirety and made a part hereof for all purposes; that the allegations of such petition are true and correct." The controverting plea further alleges that defendant committed a trespass against plaintiffs within the meaning of exception 9 under Article 1995 R.C.S. The pleading then sets out the provisions of said exception 9.

The issues raised by the plea of privilege and the controverting affidavit came on for hearing before the court without a jury; counsel for all parties made statements to the court, relating to the contentions of each as disclosed by their respective pleadings, and defendant's counsel stated to the court that in his judgment the controverting affidavit was insufficient as such, for the reason it did not allege the facts upon which plaintiffs relied to bring the case within exception 9 of Article 1995. Plaintiffs' counsel then asked leave to amend the controverting affidavit. Without ruling upon the request, the court stated he would hear the evidence and then hear all parties with reference to an amendment and determine all issues later. This was done and the court took the matter under advisement, extended the term of court, and at the next term continued the cause without prejudice. Plaintiffs filed their amended controverting affidavit and thereafter the court sustained the plea of privilege and ordered the case transferred to Potter County for trial on its merits. From this order plaintiffs have appealed.

The first two points relied upon for reversal, in effect, are: (1) error of the court in holding that, although the petition was, by reference, incorporated in the controverting affidavit, it could not be looked to as alleging grounds for retention of venue, and (2) error in holding that the controverting affidavit could not be amended.

The record before us does not support the contention raised on either point. The court made no finding of facts on these points, either in the judgment or upon request of plaintiffs. The amendment was filed before judgment was entered. The nature of the amendment did not materially change the original controverting affidavit. As amended, it did no more than copy the material parts of the petition into the affidavit; the petition was made a part of the affidavit in the original as effectively as

646

if it had been copied into a single instrument. This is permissible in such cases as this. Rule 58, Texas Rules Civil Procedure; 43 Tex.Jur. 813, §§ 84 and 86; Sabens v. Smith, Tex.Civ.App., 118 S.W.2d 324; Paxton v. First State Bank of Tatum, Tex.Civ.App., 42 S.W.2d 837; Jefferies v. Dunklin, Justice, 131 Tex. 289, 115 S.W. 2d 391. The last cited case was one in which the petition was not, by reference, made a part of the affidavit, but the rule above announced is restated.

■ It is equally well settled that for purposes of trial of the venue issues, the plea of privilege and the controverting affidavit constitute the pleadings, and like all other pleadings, each may be amended. 43 Tex.Jur. 831, § 99; Forman v. Prince, Tex.Civ.App.; 97 S.W.2d 1002; Miller v. Fram, Tex.Civ.App., 2 S.W.2d 1008; Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333. There are many authorities to the same effect, but we deem it unnecessary to collate them here. We are not to be understood as holding, however, that allegations by a party in a venue hearing, when controverted, by opposing party, dispense with the necessity of making proof in support of the allegations as made; but what has been said is limited to the nature and sufficiency of pleadings on the venue issue. As we view this record the court did not hold (a) that even though plaintiffs' petition was incorporated into their controverting affidavit by reference thereto, it furnished no allegation of grounds for retention of venue, or (b) that the controverting affidavit could not be amended. These are the points relied upon by plaintiffs and they must be overruled.

■■ Third and fourth points complain of error in the admission of testimony. The testimony consisted in one instance of a self-serving declaration made by defendant, some time after the accident. The other testimony to which objection was made and admitted by the court appears to be that a witness was permitted to testify that she had, on a previous date, said in substance that from what she observed of the accident she didn't see how defendant could have been guilty of negligence under the circumstances. Under well settled principles of law, the court should not have admitted either piece of testimony; but since the hearing was before the court and there being ample testimony from other sources to support the court's judgment, it will be presumed the judgment was based upon the competent and not the incompetent testimony. The sufficiency of the testimony will be discussed under the next point.

Fifth point asserts error in the judgment of the court sustaining the plea of privilege.

We must bear in mind that this was not a hearing on the merits, of whether or not plaintiffs should recover damages from defendant proximately resulting from some act of negligence, but was only a hearing on the venue issues. It has recently been held that, "Venue facts are what must be proved to make applicable some exception to Art. 1995. They are defined and can be found only in the subdivision of that article which declares the exception." National Life Co. v. Rice, Tex.Com.App., 167 S.W.2d 1021, 1024.

■ It is now the universally settled rule of law in this state that to maintain venue of an action under exception No. 9 of Art. 1995, R.C.S. against one claiming his privilege to be sued in the county of his domicile, it is necessary to allege and prove that the "trespass" was committed in the county where venue is sought to be held and that such trespass embraces only actions for injuries resulting from wrongful acts wilfully or negligently committed and not those which result from mere omissions of duty. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Winslow v. Gentry, Tex.Civ.App., 154 S.W. 260; Jarvis-Tull & Co. v. Williams, Tex.Civ.App., 114 S.W. 2d 1218.

■ Much has been written by our appellate courts on the subject of venue under the many exceptions to the provisions of Art. 1995. The better rule seems to be that the nature and quantum of proof necessary depends largely upon the exception relied upon by the party seeking to maintain the venue. This is illustrated by exception No. 9 involved in this case, where a crime or trespass is the issue. In such cases, it would appear that each element of whether or not an affirmative and active trespass had been committed for which recovery could be had, becomes a venue fact, and requires allegations and proof of their existence. Hurley v. Reynolds, Tex.Civ. App., 157 S.W.2d 1018, 1021. Where exception No. 9 to Art. 1995 was relied upon, the Supreme Court held, in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, that to sustain the venue plaintiff may be re-

quired to prove his case twice, once to sustain venue and again upon its merits. To apply the rule there announced, plaintiffs in the instant case had the burden in sustaining venue in Kaufman County, to allege and prove the trespass took place in that county, that the acts constituted affirmative and active negligence proximately causing the injuries complained of.

■ In Heard & Heard, Inc., v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817, 819, it was held that in a case involving venue under exception No. 9 to Art. 1995, the applicable rule "is that in order to constitute a trespass there must be a causal connection between the alleged negligent act and the injuries sustained by the plaintiff". Under the rule there announced, it would logically follow that without such causal connection no proximate cause would appear to sustain damages arising therefrom; likewise to establish the important element of proximate cause, foreseeableness must be shown.

■ The undisputed facts in this case appear to be substantially as follows: The defendant is a resident of Potter County; the accident happened in Kaufman County, where the suit was instituted; the collision occurred on a rainy afternoon when the pavement was wet and slick; the car in which Mrs. Bates was riding was going west trailing an oil truck traveling 20 or 25 miles per hour; at the crest of a hill plaintiffs' car went around the truck and started down the grade; for some unexplained reason plaintiffs' car was hard pressed for room to pass the truck, causing the truck to veer to its right until its right wheels went off the pavement to avoid being struck; plaintiffs' car passed safely and in cutting sharply to its right to regain its right-hand side of the road, began "weaving" as expressed by the witnesses; it reached the right hand side, but in doing so dropped its right hand wheels off the pavement and the driver cut hard to his left to get back on the pavement and in doing so his car skidded heavily to his left and went across the center line and halted in the line of traffic going in the opposite direction. Defendant was driving east and was of necessity traveling on the side of the highway to which plaintiffs' car had skidded, resulting in the collision complained of.

There are sharp conflicts in the testimony relating to other matters immediately surrounding the collision. Especially is this true about the distance defendant was from plaintiffs' car when it skidded across the road into defendant's path; also as to the length of time between the first appearance of plaintiffs' car at the place to which it skidded and when the impact took place. Although defendant estimated the speed of his car just prior to the collision at 40 or 50 miles per hour, other disinterested eyewitnesses estimated it much slower; defendant said he was not watching his speedometer and his estimate was as stated; he further said that he believed the speed of plaintiffs' car was as fast as his own, and the undisputed evidence of that speed was from 25 to 35 miles per hour, just before it skidded. Defendant said he was "very close" to plaintiffs' car when it skidded into his path, but would not estimate the distance; that after it got in his path he did all in his power to avoid striking it; no one controverted this phase of his testimony. An occupant of the Bates car also said defendant's car was pretty close when the Bates car skidded into its path; he estimated the distance at 35 feet. It may be said that we find little effort on the part of any witness to shade his version of the unfortunate accident that cost one life and severely crippled several others.

The record does not disclose upon what phase of the testimony the court sustained the plea of privilege. Without detailing more of the testimony, we find and conclude that there is sufficient competent testimony in the record to support the judgment as entered. Whether the judgment was based upon a lack of proof by plaintiffs (a) that defendant was guilty of an affirmative and active act of negligence under the circumstances, (b) whether, if there did appear such actionable negligence, that it proximately caused the collision and plaintiff's injuries, or (c) whether the court concluded that plaintiff had not fully discharged the burden of proof in each of the mentioned phases, we are left to speculate. In any event, where, as in this case, the testimony is conflicting in some of the material matters and would support a finding either way, depending upon the weight to be given certain phases of the testimony, the presumption will be indulged by us that the court found the facts to be such as will support the judgment entered. Rule 279, Rules Texas Civil Procedure.

We therefore conclude that the court properly considered the original and amended controverting affidavits; that he did not

deny plaintiffs the right to amend, as charged in their point No. 2; that the erroneous admission in evidence of the incompetent testimony raised in points 3 and 4 was harmless and immaterial in view of other competent testimony before the court.

Finding no error, for which the judgment should be reversed, all asserted points are overruled and the judgment will be affirmed. It is so ordered.