### COGDELL et al. v. MARTIN et al.

No. 14593.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 17, 1943.

Rehearing Denied Jan. 21, 1944.

Buck & Kemble, of Fort Worth, for appellants.

984

Clark, Craik, Burns & Wedell, of Fort Worth, for appellees.

SPEER, Justice.

Appellants Earl Cogdell and Duke Cogdell have appealed from an order overruling their plea of privilege raising venue in a suit by appellees Roy D. Martin and Roy Smith, wherein appellees sought recovery against appellants for damages sustained in an automobile collision.

Appellees (plaintiffs below) alleged that plaintiff Martin owned a described truck engaged in hauling lumber along a highway in Tarrant County, and that plaintiff Smith was employed by Martin to drive said truck; that on January 21, 1943, Smith, while driving the truck, loaded with lumber, in Tarrant County, was traveling west on said highway when the agent of appellants negligently drove one of their cattle trucks into the Martin lumber truck then driven by Smith, causing damages to the truck and injuries to Smith. That said injury, damage and trespass was committed in Tarrant County by appellants, acting through their said agent and employee. (a) That at said time and place appellants' said driver carelessly and negligently drove said truck to his left of the center of the highway and caused same to collide with the truck driven by Smith, when the road on the left of appellants' driver was not clear and unobstructed for at least a distance of 50 yards ahead, and in violation of Article 801, Penal Code of Texas. (b) That at said time and place appellants' cattle truck was operated at a high and excessive rate of speed and in excess of 45 miles per hour. (c) Appellants' truck driver was under the influence of intoxicating liquor at the time of the collision. (d) Appellants' driver failed to keep a proper lookout for traffic on said highway. (e) That appellants' driver failed to keep his truck under proper control and failed to apply his brakes to avoid the collision.

It was alleged that plaintiff Smith was traveling on his own right-hand side of the highway, and that just before the collision the driver of appellants' truck, without warning, negligently drove his truck across the center of said highway onto his left-hand side, and there struck the truck being driven by Smith, resulting in the damages complained of. That all of said acts and conduct of appellants' driver constituted negligence and proximately caused the collision and the consequent damages sustained by plaintiffs. There were allegations of damages to plaintiff Martin of $2900, and to plaintiff Smith of $10,000, for which judgment was sought.

Appellants filed their plea of privilege in due form, alleging their residence to be in Erath County, Texas.

Appellees timely filed their controverting plea, in which it was alleged that the district court of Tarrant County had venue of the suit under exception 9 to Article 1995, R.C.S., because it was shown and alleged in the petition theretofore filed, referred to and made a part of the controverting plea, that said action was based upon a crime, offense and trespass committed by defendants through their said agent, while acting within the course of his employment; that said agent and employee of appellants was guilty of active negligence at the times and in the manners set out in said petition. The controverting plea was duly sworn to, and no complaint is made of it, except as we shall later notice.

The court heard the evidence offered by appellees; the appellants offered none. Order was entered overruling the plea, hence this appeal.

Points of error one and two raise (1) the question of the sufficiency of the controverting plea because the affidavit attached does not purport to verify the whole of the petition, and (2) the controverting affidavit does not allege specific facts relied upon to confer venue on the Tarrant County court; such as necessary allegations of negligence, proximate cause and damages within the jurisdiction of the court.

■ It has long been the recognized rule of procedure in this state that the controverting affidavit may adopt the petition as a part thereof and in such instances it becomes a part of the affidavit and need not be copied therein. Rule 58, Texas Rules of Civil Procedure; Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644, and the older cases there cited.

■ The affidavit attached to the controverting plea, among other things, reads: "* * * upon his oath says that the above and foregoing plea controverting the defendants' plea of privilege is true in substance and in fact." Since the petition was made a part of the controverting affidavit, affiant swore to the whole plea. This is all that is required by the law.

■ Second point is predicated upon the apparent theory that the petition was

not part of the controverting affidavit, and therefore that part of the controverting plea filed, without a consideration of the petition, did not specifically allege that a crime, offense or trespass had been committed in Tarrant County, nor that negligence and proximate cause were alleged, nor that the amount of damages claimed by each plaintiff disclosed jurisdiction of the court. The petition being a part of the controverting plea, these allegations were made, as above pointed out. It is argued by appellants in their brief that the pleadings and findings of fact disclose that there is a misjoinder of parties plaintiff. In this connection it is said in the brief: "A plaintiff who suffers less damages than five hundred ($500.00) dollars cannot join his separate and distinct cause of action with another cause of action to give his case jurisdiction or venue in such district court." We do not have that question in this record. There was no finding of the amount of damages suffered by either plaintiff, and properly so. The amount of recovery does not control jurisdiction in such cases as this, but the pleadings are controlling, absent fraudulent allegations for jurisdictional purposes. Upon venue hearings, the court is not concerned with any of the matters which go to the merits of the controversy, except to ascertain the nature of the suit and facts which fix venue. Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, 811. Points one and two must be overruled.

Third point asserts that since appellees base their cause of action upon a "crime", as distinguished from a trespass, the controverting affidavit is insufficient because it alleges that the crime was committed by an agent and proof that an agent committed the "crime" will not support venue in Tarrant County.

As we read the pleadings of appellees, we do not understand them as indicated by the point presented. It is true, appellees relied upon the provisions of exception 9 to Art. 1995, R.C.S., for venue. That exception reads: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed * * *." The words "crime" and "offense" used in this exception have for more than fifty years been considered synonymous terms. Illies v. Knight, 3 Tex. 312. It is obvious to us

from the nature of appellees' action, disclosed by their pleadings, it is one for trespass and not for a crime. They alleged: "That said acts of negligence, carelessness and trespass on the part of said defendants, acting by and through their said agent, servant and employee, the driver of said defendants' truck, were as follows:" etc. Even though the negligence alleged should show the violation of a criminal statute, such as driving an automobile at a high, excessive and dangerous rate of speed under all the circumstances, so as to cause injury to another or damage to his property, it is a trespass. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894. The uncontroverted testimony in this case shows beyond question that both these elements occurred in this case. When it appears from the uncontroverted testimony that such acts result in damages to another in the county where the suit is brought, venue properly lies there. Vaught v. Jones, Tex.Civ.App., 8 S.W.2d 800, affirmed, Tex. Com.App., 17 S.W.2d 779. There was a stipulation that the driver of appellants' truck was their agent and was in the course of his employment when the accident happened. If this action were based on a "crime" or "offense", and not a "trespass", venue in Tarrant County would not lie, for the reason the wrongful acts were committed by an agent and not the appellants. The distinction has been pointed out many times. Austin v. Cameron, 83 Tex. 351, 18 S.W. 437; Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817. We conclude that an active trespass was pleaded and the point must be overruled.

Points four and five are briefed together and may be so considered by us. They are, in substance, (4) where reliance is upon exception 9 to Art. 1995, plaintiffs (appellees) must secure a finding that the negligent acts were a proximate cause and that the damages sustained were in a sum within the jurisdiction of the court, and (5) on appeal the findings of the court may not be enlarged by presumptions to supply such findings.

It is now the well-settled rule that in a venue hearing only venue issues can be determined. The court cannot make any other valid order in the case until that issue is determined, and that the controverting plea of plaintiff and the plea of privilege by defendant constitute the pleadings upon which that issue must be deter-

986

mined. 43 Tex.Jur. 831, sects. 84, 86; Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644, 646.

 There is little doubt that in venue cases a plaintiff seeking to defeat the plea of privilege must allege and prove venue facts by a preponderance of the evidence. These issues involve an "active trespass" proximately causing the damage complained of. Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817. The evidence offered by appellees in this case, undenied by appellants, clearly and indisputably established a trespass causing the damages for which recovery was sought. Upon request of appellants, the trial court filed findings of fact and conclusions of law. The findings and conclusions so filed are not assailed. The fact findings, in so far as pertinent to this point, are, in effect: that plaintiff Smith was driving his truck in a westerly direction on the highway and appellants' agent was driving his truck in an easterly direction; that at the point of collision there was no other vehicular traffic in sight from either direction, and that the highway at that place was practically straight for two miles or more; that immediately before the collision, when about 50 or 60 feet from the Martin truck, being driven by Smith, the driver of appellants' truck suddenly and without warning turned his truck to the left, sharply across the center of the highway, and was almost completely upon his left-hand side of the highway, and while driving his truck at approximately 50 miles per hour, struck the truck driven by Smith; that at the time appellants' driver suddenly crossed the center of the highway, appellee Smith swerved his truck to his right-hand side and went practically off the highway onto the shoulder of the road, where it was when struck by appellants' truck; that as a result of the collision, appellee Smith received bodily injuries and the truck belonging to appellee Martin was damaged. That the collision took place in Tarrant County. Court concluded, as a matter of law, the plea of privilege should be overruled. The uncontradicted evidence abundantly supports the court's findings.

 If we properly understand appellants' complaint in these points, it is that the court could not properly overrule their plea of privilege when he did not specifically find negligence and proximate cause as existing facts. They cite and rely upon Heard & Heard v. Kuhnert, Tex.Civ.App., 155 S.W.2d 817. In that case the venue issue was tried to a jury. By the verdict it was found that the acts complained of by plaintiff constituted negligence and proximate cause. The case was reversed because of the failure to give a requested instruction of defendant submitting sole proximate cause. It is not the same situation as that before us. We assume it is cited because the court held that negligence and proximate cause were venue issues.

We have seen no case holding that the trial court hearing the venue issues is required to make a specific finding of negligence and proximate cause before his judgment overruling the plea of privilege can be sustained. There is a clear distinction between the nature of presumptions that may be indulged in support of a judgment when the court tries the facts and when they are tried by a jury. We may never indulge in presumptions of fact findings to support a judgment involved in issues upon which a jury must pass. But the rule is different if the facts are to be determined by the court.

Rule 299, Civil Procedure, provides, substantially, that where findings of fact are filed by the court, they shall constitute the basis of the judgment entered; the judgment may not be supported on appeal by presumption of findings upon any grounds of recovery, no element of which has been found by the court; but where one or more essential elements thereof have been found by the court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. There is little difference between the provisions of the cited rule and the law as it existed prior to the adoption of the Rules. In West Texas Utilities Co. v. Haynes, Tex.Civ.App., 20 S.W.2d 236, 238, a similar question to the one before us was involved. Judge Hickman, speaking for the Eastland court, said: "While, as insisted by appellant, the court did not state in its findings that the several acts described constituted negligence, yet the findings contain the elements of negligence and plainly imply a finding of negligence by the court, and this, we think, sufficient to support the judgment."

It is apparent to us that the findings of the court, above pointed out, contain the elements of negligence, and the judgment entered implies findings of negligence and the court further found as a fact that the

enumerated acts caused the collision resulting in appellees' damages. We think there is no merit in the contentions raised by these points.

For the reasons stated, the judgment of the trial court is affirmed.