## DEAL v. GRAND FINANCE CO., Inc., OF AUSTIN.

### No. 9865.

Court of Civil Appeals of Texas. Austin.

March 22, 1950.

Rehearing Denied April 12, 1950.

Cofer & Cofer, Austin, for appellant.

John D. Reed, Austin, for appellee.

HUGHES, Justice.

This appeal, by O. A. Deal, is from an order overruling his plea of privilege after a nonjury trial.

Appellee, Grand Finance Co., Inc., sued Vernon L. Scales and appellant Deal, both residents of Bastrop County, to recover on a promissory note executed by Scales and payable to appellee in Travis County. Foreclosure of a chattel mortgage lien on a Chrysler automobile, given by Scales to secure payment of the note, was also sought.

The only allegation concerning appellant was that he "is made a party to this cause of action only by reason of his possession of said personal property securing said promissory note and chattel mortgage lien."

The only relief sought against appellant was foreclosure of the lien.

On the trial the note and mortgage were established but no evidence was offered to show that appellant was in possession of the automobile.

Appellant has two points, one relating to the insufficiency of the pleadings, and the other to want of evidence.

■ Preliminary to a discussion of these points we restate the well-settled rule that in a personal property foreclosure suit the person in possession of the property is a proper party under Sub. 4, and a necessary party under Sub. 29a, Article 1995, Vernon's Ann. Civ.St. Pioneer Bldg. and Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Cantey v. City Nat. Bank, Tex.Civ.App. Eastland, 95 S.W.2d 475; Carey v. Sheets, Tex. Civ.App. Waco, 109 S.W.2d 782; Beckham v. Pantex Pressing Machine, Inc., Tex.Civ. App. Galveston, 135 S.W.2d 188; Liegl v. Trinity Finance Corp., Tex.Civ. App. Galveston, 211 S.W.2d 318; Medford v. First Nat. Bank, Tex.Civ.App. Waco, 212 S.W.2d 485. See also Linder v. Thomas, Tex.Civ. App. Austin, 228 S.W.2d 300.

■ Under this rule appellee's petition sufficiently alleged facts to show venue in Travis County as to the appellant. It is said, however, that the controverting affidavit did not successfully replead all of these facts because the attempted adoption of the allegations of the petition was invalid under the decision of the Supreme Court in Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

The adoption, by appellee, was made with these words: "And reference is hereby made to plaintiff's original petition filed herein, and the same is made a part hereof as fully and to all intents and purposes as if copied verbatim herein."

Rule 58, Texas Rules of Civil Procedure, specifically authorizes one pleading to adopt, by reference, statements in another current pleading. See Cogdell v. Martin, Tex.Civ. App. Fort Worth, 176 S.W.2d 982, and cases there cited.

■ We believe the allegations of the petition were properly incorporated in the controverting affidavit by reference. We do not believe that the Supreme Court in the Buchanan case intended to cast disparagement on Rule 58. There were many irregularities in that case, not present here, which compelled the court to conclude "that the record as a whole presents error." [141 Tex. 401, 172 S.W.2d 689]. The point that the pleadings were insufficient is overruled.

All of the facts required to show that appellant was a necessary party to this suit were proved, except that he was in possession of the car. This fact was pleaded in appellee's petition.

■ It has been held that the best evidence of whether a named defendant is a necessary party under Sub. 29a is the petition of plaintiff. Ulmer v. Dunigan Tool and Supply Co., 163 S.W.2d 901, and Southwestern Peanut Growers Ass'n v. Womack, 179 S.W.2d 371, both by the Eastland Court of Civil Appeals.

■ We need not rest our decision on these cases because, in our opinion, the court below was charged with judicial notice that the Chrysler car was in the possession of appellant. This record shows that a writ of sequestration was issued by the clerk of the trial court against appellant and the sheriff's return on such writ shows that it was served on appellant and that the car in suit was seized and stored at the Haenel Tractor Company in Elgin, Texas.

In Johnson v. W. H. Goolsby Lumber Co., Tex.Civ.App., 121 S.W. 883, 886, the question was raised as to whether or not the court erred in recognizing an attachment lien in his judgment because none of the attachment papers were introduced in evidence. The court held that, "These papers were filed papers, and constituted a part of the record before the court in the case of which the court would take judicial cognizance, and no formal introduction of them in evidence was necessary." We, therefore, hold that it was unnecessary for appellee to offer evidence that appellant was in possession of the car.

The judgment of the trial court is affirmed.

Affirmed.