## DIAMOND OIL WELL DRILLING CO. v. PURSER.

### No. 4926.

Court of Civil Appeals of Texas. El Paso.

March 11, 1953.

Rehearing Denied April 1, 1953.

McDonald & Shafer, Odessa, for appellant.

Robert Ziesenheim and R. B. Rawlins, Monahans, for appellee.

FRASER, Justice.

This is an appeal from the action of the District Court of Ward County overruling plea of privilege of the defendant. Inasmuch as appellee admits the correctness of appellant's statement of the nature of the case, the same is here included:

This is a suit by Albert Purser, plaintiff below and appellee here, against Diamond Oil Well Drilling Company, a corporation, defendant below and appellant here, to recover damages for personal injuries resulting from an automobile collision between plaintiff's vehicle and a vehicle driven by an employee of the defendant corporation. Plaintiff is a resident of Ward County, Texas, where the collision occurred, and defendant is a resident of Midland County, Texas.

Defendant corporation timely filed its Plea of Privilege to be sued in Midland County, Texas, which Plea was timely controverted by the plaintiff, and, after plaintiff had amended his petition and his controverting plea, the defendant duly filed its exception to the controverting plea, and, upon hearing before the court without a jury, defendant's exceptions were overruled, testimony admitted over defendant's objections, and the plea of privilege was overruled, from which ruling and order of the court this appeal is taken.

This matter has been well briefed by both sides, and careful study has been made of all the cases cited, as well as those examined by this court on its own investigation. Appellant's entire complaint is based on one point, in which he maintains that the trial court was in error in overruling his plea of privilege, stating that the controverting affidavit filed by plaintiff is insufficient both in context and verification. Appellant took timely exception to proceedings in the lower court, and to all of the evidence introduced by plaintiff in support of his controverting affidavit.

Omitting the formal parts, plaintiff's first amended controverting plea was as follows:

"Now comes Albert Purser, plaintiff in the above entitled and numbered cause, and with leave of Court first had, files this, his First Amended Controverting Plea, to the Plea of Privilege heretofore filed herein by the Diamond Oil Well Drilling Company, defendant, and says that he has good reason to believe, and does believe, and so alleges that defendant's said plea is incorrect, and that this Court has venue of this cause, on the following grounds, and for the following reasons, to-wit:

"That the accident upon which this suit is predicated, as set out in Plaintiff's First Amended Original Petition, which Petition is hereby incorporated for all purposes, occurred in Ward County, Texas, and that the negligence of the defendant, as alleged, constitutes a trespass as contemplated by Subdivision 9, Art. 1995, RCS of 1925 [Vernon's Ann.Civ.St. art. 1995, subd. 9];"

The verification of the plea was as follows:

"I, Robert Ziesenheim, attorney for plaintiff in the above styled and numbered cause, having knowledge of the facts set out in the foregoing Plea, hereby swear that same are true and correct."

Appellant urges that said controverting plea or affidavit fails to make the plaintiff's petition a part of said affidavit, and without the inclusion of such petition said affidavit is insufficient.

It has long been the recognized rule of procedure in this State that the controverting affidavit may adopt the petition as a part thereof, and in such instances it becomes a part of the affidavit and need not be copied therein. Rule 58, T.R.C.P.; Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982; Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Deal v. Grand Finance Co., Inc., Tex.Civ.App., 228 S.W.2d 984; Ragland v. Short, Tex.Civ.App., 245 S.W.2d 368, 369.

However, defendant urges that the language of the controverting affidavit in this case is not sufficient in that it does not clearly include or adopt plaintiff's petition. Such affidavit recites:

" * * * that the accident upon which this suit is predicated as set out in plaintiff's First Amended Original petition, which Petition is *hereby incorporated* for all purposes * * *" (Emphasis ours)

Plaintiff is speaking in his controverting affidavit, when he says "hereby incorporated" and therefore is obviously referring to such controverting affidavit as the recipient of the matter to be incorporated. Now the word "incorporated" as defined by Black's Law Dictionary, 3rd Ed. p. 946, is as follows:

"To declare that another document shall be taken as part of the document in which the declaration is made as much as if it were set out at length therein. Toledo, St. L. & K. Railroad Co. v. Cupp, 8 Ind.App. 388, 35 N.E. 703."

20 Words and Phrases, page 557 says:

" 'Incorporated' means united in one body, and it is not necessary to incorporate—that is, bodily insert—a plat introduced in evidence into the original bill of exceptions before signing thereof by the judge, but it is sufficient to refer to such plat, where the appropriate place therefor was designated by the words 'Here insert.' " Toledo, St. L. & K. Railroad Co. v. Cupp, supra.

Webster's New International Dictionary, 2nd Ed. p. 1260, defines the word "incorporate" as follows:

"Made one body, or united in one body—to unite—to form into a body—to combine, to unite in or so as to form one body;"

and in defining "incorporated" same page, says:

"United in one body—made a legal entity."

The courts of our state seem to have the same conception of the meaning of the word "incorporate", as for example in Saladiner

v. Polanco, Tex.Civ.App., 147 S.W. 2d 265 at page 266 (Austin) the Court said:

"This reference did not adopt nor *incorporate* the cause of action asserted by appellee in his petition. The two cases above cited hold that the controverting affidavit must itself state a cause of action for trespass; and that the petition cannot be considered in aid of the controverting affidavit unless it is adopted or so *incorporated* by reference showing that plaintiff intended to unreservedly swear to all facts contained in the petition as constituting his cause of action for damages resulting from the collision or trespass." (Emphasis ours.)

Also, in Deal v. Grand Finance Company, supra, Tex.Civ.App., (Austin) the Court says [228 S.W.2d 985]:

"We believe the allegations of the petition were properly *incorporated* in the controverting affidavit by reference." (Emphasis ours.)

In Robinson v. Glasse, Tex.Civ.App., 188 S.W.2d 598, at page 600. (Galveston), the court says:

"* * * and that the plaintiff's petition cannot be considered in aid of the controverting affidavit unless it or the allegations therein necessary to establish venue are adopted or so *incorporated* by reference in the affidavit as to show that plaintiff intended to unreservedly swear to all of such facts contained in the petition." (Emphasis ours.)

It will be noted that the above quotations represent the language of different Courts of Civil Appeals and all seem to have the same conception of the meaning of the word "incorporate".

■ It therefore seems clear that the language used by plaintiff in his controverting affidavit is sufficient and apt for the purpose of including the petition as a part thereof, and meets the test that it is sufficiently definite that, if not true, affiant would be subject to prosecution. It will be noted that there are no words of limitation, but same is incorporated "for all pur-

poses." We hold, therefore, that the plaintiff's controverting affidavit by its wording includes and adopts his petition as a part of said affidavit.

■ The verification is unequivocal and under the above holding meets the test in Cogdell v. Martin, supra, wherein the court says [176 S.W.2d 984]:

"(2) The affidavit attached to the controverting plea, among other things, reads: ' * * *. upon his oath says that the above and foregoing plea controverting the defendants' plea of privilege is true in substance and in fact.' Since the petition was made a part of the controverting affidavit, affiant swore to the whole plea. This is all that is required by the law."

The court was speaking here through Justice Speer, who also wrote the opinion the year before in C. F. Lytle Co. v. Preston, Tex.Civ.App., 175 S.W.2d 440.

Appellant's authorities have been examined and appear to be distinguished from the present case as follows:

Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 620, the reference to petition was limited " 'for the purpose of showing that this is a civil libel suit.' "

In Saladiner v. Polanco, Tex.Civ.App., 147 S.W.2d 265, this is also a case where reference is limited, such limitations being for the purpose of showing acts of negligence.

Fair v. Mayfield, Feed & Grain Co., Tex. Civ.App., 203 S.W.2d 801; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Robinson v. Glasse, Tex.Civ.App., 188 S.W. 2d 598; Jones v. Davis, Tex.Civ.App., 149 S.W.2d 165, all were cases where the plaintiff failed or made no attempt to include his petition in his controverting affidavit.

American Mortgage Corp. v. Smith, Tex. Civ.App., 35 S.W.2d 1092 holds that plea of privilege must be sworn to and acknowledgment thereof is insufficient.

Uvalde Const. Co. v. Waggoner, Tex.Civ. App., 159 S.W.2d 203 was a case where plaintiff swore only to Plea in Abatement in support of plea of privilege.

Bates v. Stinnett, Tex.Civ.App., 170 S.W. 2d 644, 645. In this case the court held the following language sufficient:

"Which (petition) is hereby adopted in its entirety and made a part hereof for all purposes; that the allegations of such petition are true and correct."

This opinion also was by Justice Speer, and is cited in support of the Cogdell case. The language of adoption being sufficient the same rule applies as in the Cogdell case. This case therefore holds the above language to be apt and sufficient, which is evident.

Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, is probably properly interpreted in Deal v. Grand Finance Co., Tex.Civ. App., 228 S.W.2d 984. At its best it seems not to be too informative as the court points out that the entire case was carried on in such an irregular manner as not to fit into any pattern or rule of decision, and also mentions the fact that defendant did not point out defects in controverting affidavit by special exception. The Court states [141 Tex. 401, 172 S.W.2d 689]:

"we have concluded that the record as a whole presents error and that the ends of justice will be better subserved if the judgment is reversed".

It is thought that this case does not conflict with our conclusion here.

Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91. Sufficiency of controverting affidavit does not seem to have been in issue in this case.

Hamilton v. Jenkins, Tex.Civ.App., 235 S.W.2d 195, the Court found that failure of defendants to except to controverting affidavit and to certificate thereto constituted waiver of any defects in either. There was no dispute as to the sufficiency of reference to petition.

Appellant's point of error is accordingly overruled and the ruling of the trial court affirmed.

McGILL, Justice.

I concur in the disposition of this case but not in the statement in the opinion that the langauge employed by the plaintiff in his controverting plea is "apt" language to incorporate the petition in the controverting plea. It may be sufficient, but in my opinion it is somewhat indefinite and I have grave doubt whether it is sufficient to warrant a conviction of the affiant for false swearing or perjury should the facts alleged in the petition be untrue. It will be noted that the language does not specifically state in what the petition is "incorporated". It may be, and I agree that the only reasonable inference is that it is incorporated in the controverting affidavit. But I have always supposed that a man can not be convicted of a crime on inference. This seems to be the test of the sufficiency of the verification, and if the affiant could be convicted if the facts alleged in the petition in this case are untrue, it is the one exception I know of. However, I do not feel strongly enough on the matter to warrant a dissent, and therefore concur.