**H. E. BUTT GROCERY COMPANY, Appellant,**

v.

**William D. VAUGHT, Appellee.**

No. 14559.

Court of Civil Appeals of Texas.

San Antonio.

March 1, 1967.

Rehearing Denied April 19, 1967.

941

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

Oliver & Oliver, San Antonio, for appellee.

CADENA, Justice.

Defendant, H. E. Butt Grocery Company, a corporation domiciled in Nueces County, appeals from the order of a district court of Bexar County overruling its plea of privilege.

Plaintiff, William D. Vaught, filed this suit in Bexar County to recover for personal injuries allegedly sustained by him when he slipped and fell as a result of stepping on some slippery substance which had been spilled on the floor of defendant's grocery store in Bexar County. The petition alleged that defendant was negligent in failing to make a proper inspection of the floor, in failing to discover and remove the substance, and in failing to maintain the floor in a reasonably safe condition for use by its customers and invitees.

In his controverting affidavit plaintiff sought to maintain venue in Bexar County under subdivision 9a [1] and 23 [2] of Article

1. Under this subdivision, a suit based on negligence may be brought in the county where the act of negligence occurred.

2. Subdivision 23 allows suits against private corporations to be brought in the county in which the cause of action arose, or in the county in which plaintiff resided when the cause of action arose, provided that the corporation has an agent or representative in such county.

1995, Vernon's Ann.Civ.St.[3] This plea, after first reciting that defendant operated grocery stores in Bexar County, where a representative of defendant resided, stated that the cause of action alleged by plaintiff in his petition arose in Bexar County, "as is shown by said petition, which said petition is here referred to and made a part hereof as though fully set forth herein." The plea further set out that the suit was one for damages proximately caused by the negligence of defendant's employees acting within the scope of their employment, and that such negligence occurred in Bexar County, "as is fully shown by plaintiff's original petition made a part hereof as aforesaid." The jurat attached to the controverting plea reflects that plaintiff swore that the facts set forth in such plea were true and correct.

Defendant first urges that the trial court erred in overruling its motion to strike plaintiff's controverting affidavit on the ground that plaintiff did not swear that the allegations in his petition were true.

■ It is, of course, true that where defendant has filed a plea of privilege, plaintiff's controverting affidavit must specifically set forth the grounds on which he seeks to maintain venue in the county where he has filed suit. Rule 86, Texas Rules of Civil Procedure. However, it is well settled that a plaintiff may incorporate his petition in his controverting plea by express reference to and adoption of its allegations. Cogdell v. Martin, 176 S.W.2d 982 (Tex.Civ.App., 1943, no writ); Rule 58, T.R.C.P.

■ While recognizing the propriety of incorporation by reference, defendant insists that, under the rule announced by the Supreme Court in A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939), the controverting plea in this case is insufficient because plaintiff did not definitely swear to the truth of the allegations contained in the petition. In Belo, the controverting affidavit referred to the petition solely "for the purpose of showing that this is a civil libel suit." It seems clear that plaintiff in Belo mistakenly believed that the nature of the suit, rather than the actual existence of the libel, was the determinative fact. Therefore, the Supreme Court correctly held that plaintiff did not unreservedly swear that the facts alleged in the petition were true. The Supreme Court went on to recognize that where the controverting plea unmistakably alleges that the petition is made a part of the controverting plea, the party who swears to the controverting plea thereby swears to the essential facts embodied in the petition. 129 S.W.2d at p. 623.

The procedure followed by plaintiff in this case was held sufficient in Cox v. Cox, 304 S.W.2d 175 (Tex.Civ.App.,1957, no writ). See also 1 McDonald, Texas Civil Practice, § 4.49, p. 597 (1965 rev.). The question raised by defendant is discussed at length in Diamond Oil Well Drilling Co. v. Purser, 256 S.W.2d 421 (Tex.Civ.App., 1953, no writ.)

Defendant's reliance on Eastland v. Whitman, 318 S.W.2d 447 (Tex.Civ.App., 1958, no writ), and C. F. Lytle Co. v. Preston, 175 S.W.2d 440 (Tex.Civ.App.,1943, no writ), is misplaced. In Eastland, although the controverting plea adopted the petition by reference, the Houston Court held that the plea was defective because plaintiff did not purport to swear that the allegations in the petition were true. This holding is obviously correct, since the jurat was not signed, there was no certificate of a person authorized to administer oaths, and the unsigned and uncertified jurat recited that it was made "on information and belief." The simple truth is that in Eastland plaintiff did not purport to swear to the truth of anything.

---

3. The controverting plea also asserted that venue was maintainable in Bexar County under Subd. 9, but since that subdivision does not apply to suits based on negligence, it has no relevance to this case.

Nor have we any quarrel with the holding in Preston, where the controverting plea did not adopt the allegations of the petition. But, while we agree with that holding, we find it unpersuasive where, as here, the petition is made a part of the controverting plea.

In overruling defendant's first point, we are not unmindful of the opinion by the Supreme Court in Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688 (1943). There, during the course of the hearing on the plea of privilege, plaintiff was allowed to interline in his controverting affidavit the following: "That plaintiff makes full reference to his petition on file herein and makes same a part hereof as though fully copied herein with all its allegations in toto." Plaintiff did not then verify the controverting plea again. It appears from the opinion of the Court of Civil Appeals in that case, 174 S.W.2d 98, 100, that when defendant's bill of exception was presented to the trial court for approval, plaintiff was permitted to make oath as to the truth of the controverting plea as amended. Neither the opinion of the Supreme Court nor that of the Court of Civil Appeals establishes whether the second verification took place before or after the defendant's plea of privilege had been overruled. However, the third question certified to the Supreme Court by the Court of Civil Appeals indicates that the second verification took place after the plea of privilege had been overruled. 174 S.W.2d at p. 102.

The opinion of the Supreme Court in Buchanan is not too informative. It first points out the practice of permitting amendment of pleadings by interlineation is, at least, "irregular," and that, ordinarily, the amendment should be made either by filing a new pleading or by filing a trial amendment. Then the opinion continues: "But if * * * it was permissible to interline the amendment in the previously filed pleadings, it will be noted that the reference to the original petition does not evidence a clear intention to swear to the truth of all

of the facts set out therein." 172 S.W.2d at p. 689. The Supreme Court then concludes that, "after very careful consideration of the case," it must be concluded "that the record as a whole presents error and that the ends of justice will be better subserved if the judgment is reversed and the cause remanded and the parties are given an opportunity to try the issues on their merits under properly drawn pleadings." Ibid.

We do not construe the opinion in Buchanan as an unequivocal holding that a controverting plea is insufficient even though it adopts the allegations of the plaintiff's petition and the jurat states that the allegations in the controverting plea are true. We reach this conclusion for three reasons. In the first place, it is not clear that the questions certified to the Supreme Court by the Court of Civil Appeals raised this particular issue. See 174 S.W.2d at p. 102. Secondly, neither the opinion of the Supreme Court nor that of the Court of Civil Appeals sets out the language of the jurat to the controverting plea. Finally, this construction of the Buchanan case was adopted in Deal v. Grand Finance Co., 228 S.W.2d 984 (Tex.Civ.App.,1950, mandamus overruled), and in Diamond Oil Well Drilling Co. v. Purser, supra.

Defendant next contends that the trial court erred in overruling the plea of privilege because the evidence established that the danger resulting from the presence of the substance on the floor was so open and obvious as to relieve defendant of any duty to protect plaintiff or to warn him of the danger.

Plaintiff testified that on the date in question he went to defendant's grocery store to purchase some plumbing supplies. He was unable to find what he wanted and proceeded to leave the store by walking in the direction of an "express" checkout counter. After taking some six or eight steps in the area between the "gondolas" (counters where merchandise is displayed for sale) and the checkout counters, he

slipped and fell on some syrup that had been spilled on the floor. He said that he did not see the substance on the floor. The store manager came to assist him, explaining that a boy had been told to clean up the syrup. As a result of the fall, plaintiff suffered a broken hip.

Julian Alonzo, a former employee of defendant, testified by deposition. On the date in question, he was employed by defendant as a package boy at the store involved in this suit. Upon hearing a noise, he turned and saw that a little girl had dropped what appeared to be a quart bottle of Log Cabin syrup on the floor. One of the checkers told him to clean up the syrup from the floor, and he did so by using a cardboard box and a piece of cardboard, using the piece of cardboard to push the broken glass and as much of the syrup as possible into the box. After he had finished doing this, there remained a film of syrup which covered an area of about a foot. He then proceeded to a storeroom where he discarded the box and obtained a wet mop for the purpose of cleaning up the rest of the syrup. When he returned to the spot where the syrup had been spilled he saw plaintiff lying or sitting on the floor a few feet from the syrup.

Defendant's witness, Rose Davenport, who was waiting to be checked out at the time of the accident, testified that after the boy had finished picking up some of the syrup and the glass in a box, the floor was "almost clean" but sticky. The boy had placed a grocery cart over the spot while he went to get the mop, but the cart did not completely cover the area. She saw plaintiff walking toward the checkout counter and told him to "watch out, look out and be careful," but he evidently did not hear her.

■ We believe that plaintiff's testimony that he did not see the syrup on the floor, together with the testimony of Julian Alonzo that after he had partially cleaned up the glass and syrup there remained only a film of syrup on the floor, and the testimony of Mrs. Davenport to the effect that the floor was almost clean and the spot in question had been partially covered by a grocery cart, is sufficient to support the implied finding by the trial court that the dangerous condition was not open and obvious.

■ Defendant next asserts that there was no evidence that defendant was guilty of negligence. The act of partially concealing the dangerous spot on an "almost clean" floor by placing a grocery cart over it is sufficient to support a finding of negligence and establishing that defendant, as alleged in plaintiff's petition, failed to maintain the floor in a reasonably safe condition.

In view of our holdings above, we deem it unnecessary to discuss the other points raised by defendant, since, in any event, plaintiff established, by a preponderance of the evidence, a cause of action against defendant arising in Bexar County, and the action of the trial court in overruling defendant's plea of privilege must be affirmed.