## BUCHANAN v. JEAN.

### No. 2489.

Court of Civil Appeals of Texas.
Tenth District.

March 4, 1943.

Rehearing Granted Sept. 23, 1943.

Beauford H. Jester, J. C. Jacobs, and J. S. Simkins, all of Corsicana, for appellant.

Lynn B. Griffith and J. C. Lumpkins, both of Waxahachie, for appellee.

TIREY, Justice.

The defendant, Annie Buchanan, has appealed from an order entered by the District Court of Ellis County overruling her plea of privilege to be sued in the County of Navarro, her residence.

The order is assailed substantially on the grounds (1) that appellant's plea of privilege was wholly unchallenged by any controverting plea; and (2) the court erred in permitting appellee to amend his controverting plea by writing with pen and ink into the original a reference to his original petition and an adoption of the same over objections of appellant, because an amended controverting affidavit must be entire and complete in itself and operate as an entire substitution for the original, which original thereupon becomes an abandoned pleading. Appellant's plea of privilege conforms to Rule 86 of Vernon's Texas Rules of Civil Procedure.

Plaintiff alleged among other things the following: "That upon about May 9, 1941, while driving upon Federal Highway No. 75, which is a highway crossing Ellis County North and South, a car, under the directions and control of Annie Buchanan, was driven into and did collide with the said E. W. Jean causing the hereinafter complained of injuries. That the said E. W. Jean was driving his car on the right hand side of the road while traveling South and had pulled his car off of said Highway, and that the defendant coming from the South and going North crossed over and left said Highway on the left side of said highway and ran into and collided with the plaintiff's car herein in Ellis County, Texas. That said defendant, her servant or employee, was driving or causing to be driven said automobile carelessly and negligently as to cause said car to be driven on the wrong side of the road at an excessive rate of speed as provided by statute, to-wit: seventy (70) miles an hour, and causing same to strike the plaintiff's automobile, whereby the plaintiff's car was demolished, and injuring the plaintiff whereby the left side of his face was paralyzed, a bursted left ear drum, breaking his skull, also breaking a collar bone and a shoulder blade, and paralyzing the muscles in the left eye, which prevents the eye from closing, and causing the plaintiff to incur doctor bills and hospital bills and rendering him incapable of working since said accident. * * * Plaintiff would further represent to the court that the defendant was guilty of negligence at the time of and on the occasion of said accident in question in failing to use the degree of care as required by law toward said plaintiff in the following manner, to-wit: * * * (b) in failing to reduce the speed of her automobile immediately prior to the collision in question; (c) in driving upon the wrong side of the road; (d) in driving her automobile at a rate of speed in excess of sixty (60) miles an hour on public highway No. 75, * * * all of which actions and conduct was negligence, and such negligence and acts thereof separately and collectively did cause direct and approximate and did contribute to the cause directly, the injuries and suffering of the plaintiff herein."

The original controverting plea, duly sworn to, alleged in part: "That plaintiff

had filed a petition herein alleging that the defendant coming from the south and going north crossed over and left said highway on the left side of said highway and ran into and collided with plaintiff's car herein in Ellis County, Texas, and that said acts in so driving said automobile by the defendant is in contravention of Article 801, Penal Code, Section B, and is a violation of the law, and is a crime or trespass as defined in Article 1995, Vernon's Annotated Civil Statutes, Section 9, which would entitle said plaintiff to sue said defendant in Ellis County, Texas, where said accident occurred. The said plaintiff further alleges that said accident did occur in said Ellis County, the county wherein said suit was brought. Plaintiff would respectfully show herein that said suit should be maintained in Ellis County, Texas, the county in which said suit was brought, and for such others herein as may be proper and necessary."

At the hearing on the plea of privilege and the controverting affidavit appellant objected to the testimony offered as to the manner in which the accident happened, because the controverting affidavit was insufficient to support such testimony, which was overruled. At the conclusion of the testimony offered by appellee, appellant orally moved the court to sustain appellant's plea of privilege and the trial court declined to do so and, over objection of appellant, permitted appellee to write into the controverting plea with pen and ink the following: "That plaintiff makes full reference to his petition on file herein and makes the same a part hereof as though fully copied herein with all of its allegations in toto." Thereafter, when appellant's bill of exception was presented for approval, the court qualified it as follows: "The plaintiff's attorney stated that he thought his controverting affidavit had an allegation in it similar to the one he was allowed to make and it was through an oversight that same did not appear; and he was granted leave to write into said controverting affidavit with ink the allegation set out in quotation marks above. No point was made at the time about the same not resworn to before a Notary Public, which is now for the first time being made in the foregoing bill of exceptions upon being presented with said bill, said affiant and counsellor was allowed and granted leave as of this date to again make

oath as to the controverting affidavit as amended."

Appellant relies on the doctrine announced by our Supreme Court in Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391, Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, and Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, to obtain a reversal of this case. The foregoing cases, together with the rule announced by the Supreme Court in A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 623, viz.: "To meet the requirement of the statute, it was necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof, and thereby swore to the essential facts embodied in the entire petition," have given us much concern in the application of the new rules. Rule 90, Vernon's Texas Rules of Civil Procedure, provides: "General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge and the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such a count; provided that this rule shall not apply as to any party against whom default judgment is rendered." It is obvious that the controverting affidavit, as originally filed, was insufficient in substance under the decisions hereinabove cited; but appellant did not at any time during the proceedings point out by motion or exception in writing any defects to said controverting plea, but relied on his oral objections to the evidence introduced in the trial. It is true that after both sides had rested and appellant had presented his oral argument, the trial court permitted the plaintiff to amend his controverting affidavit in the manner hereinabove set out, but appellant at no time during the trial of the cause pointed out by motion or exception in writing any defect of form or substance to the controverting plea. Did appellant waive the defects to the controverting affidavit? We think so. It is clear to us that Rule No. 90, supra, applies to a controverting plea. The only limitation imposed by said rule is " * * * that this rule shall not apply as to any party

against whom default judgment is rendered." See also Rules Nos. 1 and 66, Vernon's Texas Rules of Civil Procedure.

Appellant does not claim any injury save and except that under the pleadings as made by the controverting affidavit, she was entitled to have the cause transferred on the plea of privilege to Navarro County, because the controverting plea as amended is insufficient to invoke subdivision 9 of Article 1995, Revised Civil Statutes. We overrule this contention. Under the liberality provided by the new rules we think the allegations in the amended controverting plea are sufficient to charge the defendant with having committed a trespass against the plaintiff in Ellis County, and that such trespass constituted negligence and that such negligence was the proximate cause of the injuries and damages sustained by him. The proof is ample to support said allegations.

Viewing the record made with the liberality which we think is imposed upon us by virtue of the new rules, we do not think the court erred in permitting the appellee to amend his controverting plea in the manner shown, and we affirm the judgment of the trial court.

HALE, Justice (dissenting).

Being unable to concur in the majority opinion, I respectfully enter the grounds of my dissent thereto.

In my opinion, the mandatory provisions of Rules 86 and 87 now in force are subject to the construction which our courts have placed upon the same pre-existing provisions contained in Articles 2007 and 2008 of Vernon's Texas Annotated Civil Statutes. If so, when appellant filed her plea of privilege in due form on December 13, 1941, she thereby deprived the trial court of jurisdiction to enter any order in this cause other than one of transfer, unless and until appellee should file a controverting plea under oath setting out specifically the grounds relied upon to confer venue. Galbraith v. Bishop, Tex.Com. App., 287 S.W. 1087; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; E. L. Witt & Sons v. Stith, Tex.Civ.App., 265 S.W. 1076; Brashears v. Strawn Nat. Bank, Tex.Civ.App., 57 S.W.2d 177. Appellee filed what he designated as his controverting plea on December 19, 1941, and the trial judge noted a hearing thereon for January 5, 1942. However, the grounds relied upon to confer venue did not constitute any ground of recovery against appellant because appellee wholly failed to allege therein, either directly or by adopting the allegations in his original petition, that he had sustained any injury or damage as a result of the crime or trespass complained of, or that any act of commission or omission on the part of appellant was a proximate cause of such injury or damage, if any. Consequently, the trial court was without jurisdiction to order a hearing because there was no pleading that would require or authorize the hearing of any evidence, and no amount of evidence would have authorized the court to overrule appellant's plea of privilege unless she should waive the same. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W. 2d 619; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347.

Appellant did not file any answer of any kind to the so-called controverting plea. At the hearing her counsel appeared and objected to the introduction of any evidence as to the circumstances under which the accident happened, on the ground that there was no pleading to support the same. Appellant's counsel also objected to the introduction of any evidence as to injury or damage resulting from the accident upon the ground that there was no pleading to support the proof offered. Immediately upon the conclusion of the evidence tendered by appellee, counsel for appellant verbally moved the court to strike such evidence because of the insufficiency of the controverting plea in that "it doesn't allege any act of negligence on the part of the defendant, nor does it allege that the plaintiff sustained any damages, nor does it allege that any act of negligence was the proximate cause of the plaintiff's damages. This defendant represents to the court that because there is no pleading to support such proof, the same should be stricken from the record, and the defendant here and now again moves the court to sustain her plea of privilege and transfer this case to the District Court of Navarro County, Texas, and that the court doesn't have jurisdiction over this defendant." The court overruled the motion, counsel for appellant excepted thereto, and the hearing was ended.

Having voluntarily appeared at the hearing for the sole purpose of objecting to

the introduction of any evidence that might be improperly offered against her, did appellant thereby waive her right to so object or to insist upon her plea of privilege, unless and until she should also file and present a special demurrer to the so-called controverting plea, or point out by motion or exception in writing the defect in the plea which she clearly pointed out in her verbal motion and exception? I think not. In my opinion, to give such construction to Rules 1, 66 and 90, or to any of them, would do violence to the mandatory provisions of Rules 86 and 87 and to the construction which our courts have consistently placed upon the same provisions in the pre-existing statutes relating to proceedings incident to a plea of privilege.

Furthermore, I do not think there is any authority in law to amend a filed pleading of any kind by a written interlineation, in the absence of an agreement by all parties who may be thereby affected. See Rule 64. If, after evidence has been improperly admitted under a fatally defective controverting plea which the trial court did not have jurisdiction to hear or determine, a written interlineation will cure such defects and thereby confer jurisdiction on the court to hear the issues thus raised, then, in my opinion, the mandatory provisions of Rules 86 and 87 necessarily become meaningless and of no further legal force or effect.

Although I am in hearty accord with a liberal construction of the existing rules of civil procedure, I think under the record before us the judgment appealed from should be reversed.

On Motion for Rehearing

TIREY, Justice.

■ Because the court was divided on the construction and application of Rule 90, Texas Rules of Civil Procedure, we certified to the Honorable Supreme Court the following questions:

"Under the facts stated, were we in error in holding:

"(1) That because appellant, at no time during the trial of the cause, as required by Rule 90 of the Texas Rules of Civil Procedure, pointed out by motion or exception in writing any defect of form or substance in the controverting plea, she waived each of such defects?

"(2) That the trial court did not commit reversible error in permitting appellee to amend his filed controverting affidavit, over appellant's oral objection thereto, and in the absence of any written exception or objection thereto, by interlining therein 'that plaintiff makes full reference to his petition on file herein and makes the same a part hereof as though fully copied herein with all its allegations in toto.'

"(3) That the trial court did not commit reversible error in considering appellee's controverting affidavit when the same was not re-sworn to after it was amended by interlineation making the petition a part thereof, in the absence of any written or verbal objection on the part of appellant calling to the trial court's attention the fact that the same had not been re-sworn to; and in permitting the same to be re-sworn to when appellant presented his bill of exception to the trial court?

"(4) That because appellant, at no time during the trial of the cause, pointed out by motion or exception in writing any defect of form or substance in the controverting plea, as required by the terms of Rule 90 of the Texas Rules of Civil Procedure, she waived:

"(a) The insufficiency of the controverting affidavit occasioned because appellee did not therein, under oath, set out specifically the grounds relied upon to confer venue?

"(b) The insufficiency of the controverting affidavit occasioned because appellee wholly failed to allege therein, either directly or indirectly, or by adopting the allegations in his original petition, that he had sustained injury or damage as a result of the crime or trespass complained of, or that any act of omission or commission on the part of appellant was the proximate cause of such injury or damage?"

The Supreme Court took jurisdiction and thereafter rendered its opinion, which is reported in 172 S.W.2d 688. Pursuant to the instruction contained in said opinion, appellant's motion for rehearing is granted and this cause is reversed and remanded to the trial court for further proceedings as provided in the opinion of the Supreme Court.

Reversed and remanded.