## HAMILTON et al. v. JENKINS.
### No. 12175.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 22, 1950.

Rehearing Denied Dec. 13, 1950.

Hardin & Little, Edinburg, for appellants.

Kelley, Looney, McLean & Littleton, Edinburg, for appellee.

W. O. MURRAY, Justice.

This is an appeal from an order overruling the plea of privilege of the defendants. The suit was instituted by G. K. Jenkins as plaintiff against P. H. Hamilton and C. S. Dellis as defendants, in the 92d District Court of Hidalgo County, Texas, alleging that the defendants in the clearing of certain lands adjacent to a cotton crop of plaintiff piled brush and set fire to the same and that the heat and smoke from such fire damaged plaintiff's cotton crop. Defendants filed a joint plea of privilege to be sued in Mills County, the county of their alleged residence. Plaintiff controverted the plea of privilege, alleging that the defendants were residents of Hidalgo County and, in the alternative, were transient persons suable in Hidalgo County. Plaintiff

alleged further that defendants had committed a trespass in Hidalgo County, and that venue was maintainable in that county under the provisions of Subdivision 9 of Article 1995, Vernon's Ann.Civ.Stats. The trial court found that the defendants resided in Mills County, that they were not transient persons, but further found that they had committed a trespass in Hidalgo County, and overruled their plea of privilege.

Appellants first contend that the evidence is insufficient to show that defendants had committed a trespass in Hidalgo County. We overrule this contention. The evidence shows that the defendants piled brush in big stacks on the land adjacent to plaintiff's growing cotton crop and set fire to and burned this brush and that the heat and smoke from the fire damaged plaintiff's growing cotton. The evidence showed that plaintiff had two fields of cotton, one described as the south block and one as the north block. The damage was done to the north block. There was no material difference in the quality of the land or the manner in which the two blocks of cotton were planted and cultivated, but the 115 acres in the north block, which was injured by the fire, yielded only thirteen bales, while the 200 acres in the south block, not damaged by the fire, yielded 86 bales. Defendants offered evidence tending to show that the damage to the north block was caused by other things than the heat from the burning brush. The trial court resolved these matters against the defendants by overruling their plea of privilege, therefore, we must consider only the evidence which is favorable to the plaintiff. When this evidence is considered there can be no doubt that it is sufficiently shown that defendants, who are the appellants here, committed a trespass in Hidalgo County which resulted in injury to the growing cotton crop of appellee. Baker v. Knight, Tex.Civ.App., 205 S.W.2d 65.

Appellants next contend that the plaintiff did not discharge the burden resting upon him by showing by a preponderance of the evidence that defendants were guilty of active negligence, as distinguished from passive negligence, in Hidalgo County. We overrule this contention. The defendants were shown to have piled the brush on land adjacent to plaintiff's cotton crop and set fire to the same, thereby causing the damage. Such acts as piling brush and setting it on fire are not acts of omission, but are acts of commission and constitute active negligence. There was no jury and the court properly decided, from the preponderance of the evidence, that the defendants were guilty of a trespass in Hidalgo County.

Appellants next contend that appellee's controverting affidavit was insufficient in that it did not allege affirmative facts showing appellants to be guilty of active negligence of such a nature as to constitute a trespass within the purview of Section 9, Article 1995, supra. We overrule this contention. The controverting affidavit did allege that appellants piled brush and burned it in such close proximity to plaintiff's growing cotton crop that the smoke and heat invaded appellee's premises, and such smoke and heat damaged appellee's premises and growing crop thereon. Appellee also referred to his petition and made it a part of the controverting affidavit. Furthermore, if there were any defects in the controverting affidavit they were waived by the failure of appellants to except to the same, as is provided by Rule 90, Texas Rules of Civil Procedure. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Buchanan v. Jean, Tex.Civ.App., 174 S.W. 2d 98; Mullins v. Archer, Tex.Civ.App., 176 S.W.2d 763. See also Strickland Transport Co. v. Atkins, Tex.Civ.App., 223 S.W.2d 675; Anders v. Newsom, Tex.Civ. App., 217 S.W.2d 422; American Casualty and Life Co. v. Robinson, Tex.Civ.App., 220 S.W.2d 204.

Appellants next contend that appellee's controverting affidavit was fundamentally insufficient in that appellee did not swear that the facts therein were true to his own personal knowledge. The notarial certificate to appellee's controverting affidavit is as follows: "Before me, the undersigned authority, on this day personally appeared G. K. Jenkins, who being by me duly

sworn upon his oath stated that he is the Plaintiff in the above entitled and numbered cause and that the above Controverting Plea is true in substance and in fact."

Appellants did not file written exceptions to this certificate, and in the absence of same the certificate is sufficient.

Accordingly, the judgment of the trial court is affirmed.