SANFORD INDEPENDENT SCHOOL DISTRICT V.
GARLAND S. SANFORD ET AL.

No. A-6943. Decided November 5, 1958.
(317 S.W. 2d Series 188)

*Sanders, Scott, Saunders & Smith* and *C. J. Humphrey,* all of Amarillo, for petitioners.

The Court of Civil Appeals erred in failing to render judgment for the delinquent taxes, when under Article 7326 Vernon's Texas Civil Statutes a prima facie case was established upon the introduction of the delinquent tax rolls, in the absence of any competent evidence which showed that the taxes had not been paid. State v. Whittenburg, 265 S.W. 2d 569; Stone v. City of Dallas, 244 S.W. 2d 937.; Billingslea v. City of Fort Worth, 278 S.W. 2d 869.

*Underwood, Wilson, Sutton, Heare & Boyce* and *Wm. A. Boyce,* all of Amarillo, for respondent.

On proposition set forth by petiitoner cited Ralls v. Parrish, 105 Texas 253, 147 S.W. 564; Eustis v. City of Henrietta, 90 Texas 468, 39 S.W. 567; Hodge v. Ellis, 154 Texas 341, 277 S.W. 2d 900, 908.

MR. JUSTICE CULVER delivered the opinion of the Court.

The Sanford Independent School District sued Mrs. Garland S. Sanford and others, seeking to collect school taxes allegedly delinquent for the years 1942-1953 on 1185 lots out of the townsite platted in 1929. The trial court's judgment for the defendant was affirmed by the Court of Civil Appeals. 313 S.W. 2d 546.

■ The school district having introduced in evidence the delinquent tax rolls made out a prima facie case that entitled it to judgment in the absence of any proven defense. Art. 7323, Vernon's Ann. Civ. Stats.; State v. Whittenburg, 153 Texas 205, 265 S.W. 2d 569. Respondents pleaded payment.

The townsite has never been developed, no improvements have been made, and no streets or alleys laid out on the ground. The land is still in its natural state though some lots have been sold over the years. The plat of this townsite, which is said to contain some 1550 lots, is not in evidence. Nearby is the small community of Sanford, unincorporated. It is agreed that the lots

lie within Sections 81 and 82 of block 46, H. & T. C. Ry. Co. survey. For many years respondents have rendered their lands as follows:

Section 81, H. & T. C. Ry. Co., number of acres 625;

Section 82, H. & T. C. Ry. Co., number of acres, 564.3.

It is also agreed that all taxes have been paid on the lands so rendered. The school district introduced the original patents as showing 640 acres in each section. Assuming then a total acreage of 1280 acres in both sections, the rendered acreage by respondents being 1189 acres, there would remain about 90 acres unaccounted for. It is the contention of petitioner that the respondents have failed to prove that the lots are a part of the rendered acreage.

Up until 1954 these lots had never been assessed as such but for that and subsequent years the assessments have been made on the lots owned by respondents and they have continued to pay taxes on both the 1189 acres and the 1185 lots.

Only one witness testified for the respondents, a Mrs. Rominger, their office manager. Her testimony is brief and somewhat inconclusive. She was the custodian of the records and familiar with the properties of the estate and the rendition and the payment of taxes. She rendered for taxation all of the acres that she thought the respondents owned in sections 81 and 82, and if there was any more acreage in those two sections then rendered she did not know about it. She testified that since 1953 taxes have been rendered and paid by the respondents on the acreage and that she paid the taxes on the 1185 lots for the respondents. She does state that the area of 1185 lots owned by respondents comprised approximately 283 acres. Assuming that these lots then are not embraced within the 1189 acres rendered for taxation, then the area of the two sections must be at least 1472 acres. It would have been a relatively simple matter to have determined initially on the ground whether the lots in the townsite are actually embraced within the acreage rendered and on which the taxes have been paid. The school district concedes that if this fact is resolved in respondents' favor then the taxes on the lots have been paid and are not delinquent. McMickle v. Rochelle, 59 Texas Civ. App. 91, 125 S.W. 74, no writ history.

■ The trial court rendered judgment for respondents and impliedly found that they owned all of the land in sections 81 and

82 or at least that the lots lay within the acreage rendered by them. We are of the opinion that the evidence offered by respondents will not support that finding of fact so as to overcome the prima facie case made out by the school district. We are of the opinion further, however, that the case has not been fully developed and that the facts should be determined as it can be done with certainty. The taxing authority does not desire to collect taxes on the same property twice and the taxpayer should not be subjected to that penalty. The ends of justice will therefore be better subserved by a remand. Rule 505, Rules of Civil Procedure; Hicks v. Matthews, 153 Texas 177, 266 S.W. 2d 846.

We therefore reverse and remand the cause to the trial court for further proceedings.

Opinion delivered Nov. 5, 1958.