Richard F. LOOMIS, Jr., Appellant,

v.

CITY OF DALLAS, Appellee.

No. 17678.

Court of Civil Appeals of Texas, Dallas.

Oct. 22, 1971.

Rehearing Denied Nov. 12, 1971.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

N. Alex Bickley, City Atty., Thomas B. Sehon, Asst. City Atty., Dallas, for appellee.

BATEMAN, Justice.

The City of Dallas sued appellant Loomis for taxes on personal property, alleged to be due for the years 1968 and 1969, and obtained summary judgment therefor with interest and penalty. The appellant urges two contentions:

1. The assessment is fatally defective because the property is not adequately described.

2. Appellee did not prove that appellant was the owner of any of the personal property other than a Cadillac automobile.

Attached to appellee's motion for summary judgment were a certified copy of the delinquent tax roll of personal property pertaining to the items in question; the affidavit of Max E. Noller, Director of Revenue and Taxation of appellee; and certified copy of the title certificate on the Cadillac automobile. Appellee's petition substantially follows the form set out in Art. 7328.1, Section 1,* and described the personal property in question as follows:

" * * * said personal property consisting of office furniture, fixtures and equipment, including books, located at 801 Mercantile Bank Building, 1700 Main Street; apartment furniture and fixtures located at 717 North Ewing Avenue; apartment furniture and fixtures located at 710 North Ewing Avenue, Dallas, Dallas County, Texas; also, one 1966 Cadillac Automobile, Motor No. B6964900; all of a value in excess of $500.00."

The certified copy of the Delinquent Tax Roll was as follows:

"Delinquent Tax Roll of Personal Property in the City of Dallas and/or Dallas Independent School District

ACCOUNT NO. 1137,27286
7–01104975

| YEAR | ASSESSED TO AND ADDRESS | DESCRIPTION | VALUE | TAXES |
|---|---|---|---|---|
| 1968 | RICHARD F. LOOMIS, JR. 801 MERCANTILE BANK BLDG | B | 1,000 | 34.90 |
| 1968 | RICHARD F. LOOMIS, JR. 717 N. EWING APT FURN | B | 4,500 | 157.05 |
| 1968 | RICHARD F. LOOMIS, JR. 710 N. EWING APT FURN | B | 7,000 | 244.30 |
| 1968 | RICHARD F. LOOMIS, JR. 801 MERCANTILE BANK BLDG | 66 L CADIL KYT 909 | 1,450 | 50.61 |
| 1969 | RICHARD F. LOOMIS, JR. 801 MERCANTILE BANK BLDG | 66 L CADIL LNV 822 | 1,050 | 39.06 |
| | TOTAL | | | 525.92" |

In our opinion, the certified copy of the delinquent tax roll, accompanied by Noller's affidavit referring to the delinquent tax roll and describing the property in the identical words used in appellee's petition, quoted above, was sufficient to establish a prima facie case under Article 7328.1 and, in the absence of any summary judgment evidence to the contrary, to show as a matter of law that appellee was entitled to recover the taxes sued for. Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d

* References are to Vernon's Texas Revised Civil Statutes, Annotated.

132, 133 (Tex.Sup.1970), and cases cited therein. Appellant had full opportunity to overcome appellee's prima facie case by offering summary judgment evidence, if available to him, to the effect that he was not the owner of the property in question, or that the taxes sued for had been paid, or that they were in excess of the limit allowed by law—the only defenses permitted by statute. Article 7329. He did not do so.

Article 7204 reads, in pertinent part, as follows:

> "The manner and form for assessing property for taxation shall be substantially as follows, to-wit:
>
> \*   \*   \*   \*   \*   \*
>
> 25. The value of household and kitchen furniture over and above the amount of two hundred and fifty dollars.
>
> 26. Office furniture and the value thereof."

The law does not require a full and accurate description of each item of personal property. Article 7328.1, Sec. 2, authorizes its description in the petition in very general terms.

Abbreviated descriptions of property in delinquent tax rolls which, standing alone, may be insufficient to apprise the taxpayer of the property assessed, have been held to be sufficient when accompanied by an affidavit, made by one in position to know the facts, giving a more detailed description of the property. Stone v. City of Dallas, 244 S.W.2d 937, 942 (Tex.Civ.App., Waco 1951, writ dism'd); Houston Crane Rentals, Inc. v. City of Houston, 454 S.W.2d 216, 221 (Tex.Civ.App., Houston 1st Dist.1970, writ ref'd n. r. e.).

Appellant offered no summary judgment evidence other than his affidavit attesting to the correctness of his answer to the motion for summary judgment. In that answer he alleged that the assessment was arbitrary and the property worthless; that each item of the personal property was not specifically valued, as required by law; and that appellee had not alleged whether appellant was the sole owner, partial owner, or otherwise. Appellant argues that his affidavit at the end thereof was sufficient to destroy appellee's prima facie case and again place upon it the burden of showing appellant's ownership of the property and his liability for the taxes in question.

■ We do not agree with appellant. Nowhere does he deny under oath that he was the owner of the property, or that it was correctly described in Noller's affidavit. His allegation that the taxes were arbitrarily assessed against him does not constitute valid summary judgment evidence because his affidavit thereto does not show that he had personal knowledge of such alleged arbitrary assessment, or that he was competent to testify thereto, and the alleged conclusion would not be admissible in evidence on the trial of the case. Subdivision (e) of Rule 166–A, Texas Rules of Civil Procedure.

■ An affidavit which simply adopts the pleadings in a case is insufficient either to support or defeat a motion for summary judgment. Duffard v. City of Corpus Christi, 332 S.W.2d 447, 449 (Tex.Civ.App., San Antonio 1960, no writ), citing Sparkman v. McWhirter, 263 S.W.2d 832 (Tex. Civ.App., Dallas 1953, writ ref'd). See also Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540, 545 (Tex.Sup.1971).

It is our conclusion that the summary judgment was correct. It is therefore affirmed.