**Glaydell F. BROWN, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 18319.

Court of Civil Appeals of Texas,
Dallas.

April 4, 1974.

J. Michael Tibbals, G. Frank Brown, Dallas, for appellant.

N. Alex Bickley, City Atty., Gary B. Hall, Asst. City Atty., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The City of Dallas, for and in behalf of the Dallas Independent School District, brought this action against Glaydell F. Brown to recover delinquent ad valorem taxes for the years of 1971 and 1972 on a 1968 Bonanza aircraft owned by Brown. The City filed its motion for summary judgment supported by a certified copy of the delinquent tax rolls of the City of Dallas showing the delinquent taxes due on the property in question to the Dallas Independent School District by Brown for the years 1971 and 1972. Also supporting the motion for summary judgment was the af-

fidavit of the Director of Revenue and Taxation for the City of Dallas, certifying the correctness of the assessment and the levy of taxes on the property in question for those years and certifying the exact amount of said taxes due. Brown's answer to the City's motion was supported by his personal affidavit. The trial court sustained the City's motion and rendered judgment against Brown for the delinquent taxes due, penalty and interest, in the total sum of $394.76. From such judgment Brown perfects this appeal.

■ Appellant concedes in his brief that the City of Dallas established a prima facie case entitling it to recover judgment for the delinquent taxes due by introducing as summary-judgment evidence, certified copies of the appropriate delinquent tax records of the City of Dallas. Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d 132 (Tex.1970). Appellant also concedes that once having established this prima facie case the burden of introducing evidence to show that the airplane in question had acquired a tax situs in another jurisdiction then shifts to the taxpayer. Lawson v. City of Groves, 487 S.W.2d 439 (Tex.Civ.App.—Beaumont 1972, no writ). Therefore, the question presented to us is whether appellant Brown, through the medium of his affidavit in opposition to the City's motion for summary judgment, has presented sufficient evidence to create questions of fact concerning the taxable situs of the property within the Dallas Independent School District. We hold that appellant taxpayer has not met this burden.

Since appellant seeks to negate the prima facie case made by appellee City solely on the basis of the contents of his affidavit in opposition to the City's motion, we think it essential to summarize the contents of said affidavit. The affidavit begins with the following statement:

For the year 1971 and until April of 1972, I was the owner of N7150N 1968 E33 Bonanza aircraft which was registered in my name at 9767 Wisterwood,

Dallas, Texas, which is located in the Richardson Independent School District of the City of Richardson, Dallas County, Texas. I am a taxpayer and pay school taxes to the Richardson Independent School District.

The affidavit then relates that in 1971 and 1972 Brown rented a hangar at Addison Airport but did not keep the aircraft hangared there at all times. He said that he owned an apartment at Nueces County, Texas; that he had many business activities in Corpus Christi and other parts of Texas and the United States "where I rent hangar facilities." He went on to relate that he had parked his airplane at Victoria, Rockport, Rocksprings, Rockwall, Airpark, Kerrville, Sulphur Springs, Bonham, Athens, Junction and other places in Texas. He said he hangared his airplane in Corpus Christi for over two weeks about the middle of January 1972. He said:

There is nothing permanent in the location of my airplane merely because I have a hangar at Addison Airport. The aircraft were [sic] not hangared at Addison Airport for enough time to be considered part of the general mass of property in Addison. In fact, the aircraft have [sic] not been in any one place for a sufficient amount of time to be fairly considered part of the general mass of property of any certain area. Airplanes which are used as frequently as I use my planes simply do not have the permanent character or nature, and therefore are not part of the general mass of property of any limited area except perhaps the North American Continent or the United States.

■ Appellant contends this case is controlled by the doctrine of *mobilia sequuntur personam*. This doctrine was announced by our supreme court in Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778 (1922) as follows:

Under the common law, "mobilia sequuntur personam" was a well-estab-

lished maxim, and personal property of every description was taxable only at the domicile of its owner, regardless of its actual location. This is still the basic principle upon which the taxation of personal property rests. 26 R.C.L. § 241, pp. 273–74.

Appellant contends that since his affidavit demonstrates that the airplane in question was not kept or hangared at the Addison Airport with any degree of permanency during the taxable years in question that such property did not acquire tax situs within the Dallas Independent School District and therefore, pursuant to the doctrine of *mobilia sequuntur personam* the property should be taxed where appellant-owner resides. He argues that his affidavit demonstrates conclusively that during the two years in question he was a resident of the Richardson Independent School District. We cannot agree with appellant that his affidavit does reveal this fact. A careful analysis of his affidavit demonstrates that (1) the airplane was registered in his name at 9767 Wisterwood, Dallas, Texas, which is located in the Richardson Independent School District of the City of Richardson, Dallas County, Texas, and (2) he was a *taxpayer* and *paid school taxes* to the Richardson Independent School District in 1971 and 1972. Neither of these statements constitutes evidence that the appellant Brown was a resident of the Richardson Independent School District. A person may well pay taxes to a taxing authority and yet not be a resident of that district. Appellant does not state in his affidavit that he resided at 9767 Wisterwood in Dallas, Texas. He merely states that the aircraft was registered in his name at that address. We therefore hold that appellant's affidavit is completely insufficient to establish appellant's residence for taxation purposes in the Richardson Independent School District during the years in question.

Again, in an effort to overcome the taxing authority's prima facie case, appellant seeks to establish by his own affidavit that the airplane was not kept at the Addison Airport, within the Dallas Independent School District, for a sufficient period of time during the taxable years so as to acquire tax situs within that taxing authority. In City of Dallas v. Overton, 363 S. W.2d 821 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.) we reviewed the authorities and set forth the well-established rule that tangible personal property acquires a tax situs in a jurisdiction apart from its owner if it is kept there with sufficient permanency that it may fairly be regarded as being a part of the general mass of property within the jurisdiction.[1] The question of "permanency" requires an analysis of the facts of the particular case, if a fact issue is properly raised.

Appellant's affidavit contains the general conclusory statement that "the aircraft were [sic] not hangared at Addison Airport for enough time to be considered part of the general mass of property in Addison." At no place in the affidavit does appellant set forth exact or even approximate times when the aircraft was not kept or hangared at Addison Airport. Therefore, appellant does not support his conclusory statements with sufficient allegations of fact from which a court or jury may find on the question of permanency or tax situs of the property.[2] Appellant's counter-affidavit is therefore insufficient, as a matter of law, to demonstrate the existence of fact issues which would defeat the motion for summary judgment. Texas Rules of Procedure, rule 166–A.

Our resolution of the questions above presented renders it unnecessary for us to discuss or pass upon the points relating to the appellee's reliance upon the doctrine of estoppel by rendition.

The judgment of the trial court is affirmed.

---

1. This rule has been applied more recently by the supreme court in Nacogdoches Independent School District v. McKinney, 504 S.W.2d 832, 838 (Tex.1974).

2. Loomis v. City of Dallas, 472 S.W.2d 809, 811 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.).