Lon Neff "Pat" BEETS, Appellant,

v.

MALAKOFF INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 1288.

Court of Civil Appeals of Texas,
Tyler.

Oct. 25, 1979.

Rehearing Denied Nov. 15, 1979.

Larry R. Daves, Daves, McCabe & Crews,
Tyler, for appellant.

Glenn A. Sodd, Corsicana, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. Appellee, Malakoff Independent School District, sued appellant, Lon Neff "Pat" Beets, for $507.73 in delinquent school taxes and obtained a summary judgment for that amount. The principal issue on appeal is whether appellant's land was validly annexed into the Malakoff Independent School District. Prior to 1940, appellant's land was located in the Clear Creek School District. In 1940, the Clear Creek School District was consolidated into the Mallard Prairie Common School District. On October 11, 1954, the Mallard Prairie Common School District was consolidated into the Eustace Independent School District. On October 14, 1954, the Henderson County School Board met to consider a petition for detachment and annexation signed by a majority of the qualified voters in the old Clear Creek School District, requesting the detachment from the Eustace Independent School District and the annexation into the Malakoff Independent School District. On October 21, 1954, the School Board issued an order annexing all property in the former Clear Creek School District into the Malakoff Independent School District, thereby placing appellant's land into that district.

Appellee, in support of its motion for summary judgment, attached the affidavit of the tax assessor-collector and submitted with it a certified copy of the delinquent tax rolls of the Malakoff Independent School District concerning the real property of appellant. Appellant did not allege or offer any summary judgment proof at-

tempting to establish that he did not own the property described in the tax rolls, or that the taxes had been paid, or that they were in excess of the limit allowed by law—the only defenses permitted by statute. Tex.Rev.Civ.Stat.Ann. art. 7329 (Vernon 1960). Instead, appellant argued in the trial court and in this court that a genuine issue of fact existed as to whether appellant's property is located in the Malakoff Independent School District. Appellant, in his answer to appellee's motion for summary judgment, admits that his land was situated within the boundary line of the Clear Creek School District, and that the Clear Creek district was later annexed into the Eustace Independent School District. Appellant, however, challenges the annexation of the old Clear Creek district into the Malakoff Independent School District. Appellant relies primarily upon the fact that the petition, as well as the order annexing the Clear Creek district into the Malakoff district, is missing from the official minutes of the Henderson County School Board.

■ The law is well settled in Texas that in a suit for delinquent taxes by a school district, a prima facie case is established by the introduction into evidence of the delinquent tax rolls. *Alamo Barge Lines, Inc. v. City of Houston,* 453 S.W.2d 132 (Tex.1970); *Sanford Independent School District v. Sanford,* 159 Tex. 155, 317 S.W.2d 188 (1958). In the absence of any summary judgment proof to the contrary, the school district will have discharged its burden of establishing as a matter of law that there was no genuine issue of fact upon any essential element of its cause of action for the taxes due. *Loomis v. City of Dallas,* 472 S.W.2d 809, 810–11 (Tex.Civ.App.-Dallas 1971, writ ref'd n. r. e.). Thus, the question presented to us is whether appellant, through the medium of his affidavit in opposition to the school district's motion for summary judgment, has presented sufficient evidence to create questions of fact concerning the taxable situs of the property within the Malakoff district. *Brown v. City of Dallas,* 508 S.W.2d 134, 135 (Tex.Civ.App.-Dallas 1974, no writ).

■ Although the petition, as well as the order annexing the old Clear Creek School District, has been torn out and removed from the official minutes, there is abundant evidence showing that the Clear Creek district in which appellant's property is situated has been annexed to the Malakoff district. Affidavits, exhibits, pleadings, and depositions submitted in support of appellee's motion for summary judgment establish conclusively and as a matter of law that appellant's property is located within the Malakoff district and that appellant has failed to pay the taxes due to the school district. Consequently, the school district has discharged its burden of establishing as a matter of law that there was no genuine issue of fact upon any essential element of its cause of action.

Even if the annexation of the Clear Creek School District to the Malakoff Independent School District could in some manner be construed as defective, any such defect has been cured by subsequent validating acts. In 1955 the Texas Legislature enacted Article 2815g–50. The act provides in part:

"All acts of the county boards of trustees of any and all counties in rearranging, consolidating, grouping, annexing, changing, detaching, and attaching of territory, or subdividing any and all such School Districts, or increasing or decreasing the area thereof, or abolishing School Districts in any school district of any kind, or in creating new Districts out of parts of existing Districts or otherwise, and all acts of the governing body of any such municipalities in annexing territories to such municipally controlled school districts, are hereby in all things validated.

.    .    .    .    .

The boundary lines of any and all such School Districts are hereby in all things validated."

The legislature has continued to enact similar curative statutes since 1955, the most recent being Article 2815g–61, effective May 11, 1971. These acts are very broad in their scope, and the curative effects have been held to validate the actions of the

county school board of trustees even where such actions were found to be utterly void when taken. *Marfa Independent School District v. Wood,* 135 Tex. 223, 141 S.W.2d 590, 592 (1940); *Lyford Independent School District v. Willamar Independent School District,* 34 S.W.2d 854, 855–56 (Tex.Com. App.1931, judgmt adopted). Consequently, if any defect exists in the annexation of the Clear Creek School District to the Malakoff Independent School District, such defect has been cured by the validating statutes.

Judgment of the trial court is affirmed.