NUMBER 13-98-394 -CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________



MERCER & USSERY, INC., ET. AL., Appellants, 



v.

 

ARMANDO AGUIRRE, ET. AL., Appellees. 

___________________________________________________________________ 



On appeal from the 92nd District Court 

of Hidalgo County, Texas.

 ___________________________________________________________________ 



OPINION

 

Before Justices Hinojosa, Yañez, and Rodriguez

Opinion by Justice Rodriguez

 

 Mercer & Ussery, Inc. and Ussery Engineering, Inc., appellants,(1)filed suit against Armando Aguirre, individually and
d/b/a Mid-Valley Construction Company, and Horacio Aguirre, appellees, for property damage caused by a fire that spread
from appellees' property to appellants' property. After a bench trial, the court entered a take-nothing judgment against
appellants. By two issues, appellants contend the trial court erred by failing to prepare findings of fact and conclusions of
law and by entering a judgment contrary to the overwhelming weight and preponderance of the evidence. We affirm. 

 Appellees lived on the outskirts of Weslaco, Texas on a tract of land abutting appellants' property. Appellees' property
contained a burn pit, which they periodically used to burn trash. In February of 1990, a fire spread from appellees' property
to appellants' property and, according to appellants, damaged, among other things, a metal building and a pickup truck on
appellants' property. Appellants filed suit against appellees, alleging that appellees negligently failed to maintain their
property so as to prevent fire from spreading by operating the burn pit without a spark protector, placing the burn pit in
close proximity to appellants' property, and failing to monitor the burn pit during burning. At trial, appellants also presented
evidence that appellees' failure to cut or remove dry grass in the vicinity of the burn pit caused the fire to spread to
appellants' property. 

 The trial court found that the fire spread from appellees' land to appellants' land, that it was unknown who started the fire,
but that it was not started by appellees. The court also found Armando Aguirre knew that the burn pit was surrounded by
dry grass. The court concluded, however, that appellees did not proximately cause any damage to appellants' property. 
Rather, the occurrence of the fire spreading was the result of strong winds rather than any negligence on the part of
appellees.(2) 

 In their first issue, appellants contend the trial court erred in failing to prepare written findings of fact and conclusions of
law. After appellants filed their appellate brief, however, the trial court filed findings of fact and conclusions of law. Thus,
appellants' first issue is moot. Appellants' first issue is overruled. 

 By their second issue, appellants assert the trial court erred in entering judgment against the overwhelming weight and
preponderance of the evidence. A "great weight" or factual sufficiency point is reviewed by examining the entire record. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112,
126 (Tex. App.-Corpus Christi 1999, pet. denied). The judgment is set aside only if it is so contrary to the overwhelming
weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Cain, 709 S.W.2d at 176; Pegasus
Energy Group, Inc., 3 S.W.3d at 126. 

 In a bench trial, the trial judge passes judgment on the witnesses' credibility and the weight given the witnesses' testimony,
and can reject or accept any witness's testimony in whole or in part. In re Cummings, 13 S.W.3d 472, 476 (Tex.
App.-Corpus Christi 2000, no pet. h.) (citingBocquet v. Herring, 972 S.W.2d 19, 22 (Tex. 1998)). When confronted with
conflicting testimony, we defer to the determination of the trial judge, who is the sole judge of the credibility of the
witnesses. Maeberry v. Gayle, 955 S.W.2d 875, 880 (Tex. App.-Corpus Christi 1997, no writ) (citations omitted). While
an appellate court may not have reached the same findings, it may not substitute its judgment for the trial court's judgment. 
Humphrey v. Camelot Retirement Community, 893 S.W.2d 55, 58 (Tex. App.--Corpus Christi 1994, no writ). 

 In this case, the trial court found appellants failed to establish that any act or omission by appellees caused the fire which
resulted in damages to appellants' property. Proximate causation is an essential element in any negligence case. See Travis
v. City of Mesquite, 830 S.W.2d 84, 105 (Tex. 1992); Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 437 (Tex.
App.--Houston [14 Dist.] 1999, no pet.). Proximate cause is "that cause, unbroken by any new and independent cause,
which produces injury and without which the injury would not have occurred." Portlock v. Perry, 852 S.W.2d 578, 583
(Tex. App.-Dallas 1993, writ denied). Proximate cause consists of cause in fact and forseeability. Woodlawn Mfg., Inc. v.
Robinson, 937 S.W.2d 544, 549 (Tex. App.--Texarkana 1996, writ denied). Cause in fact "requires proof that an act or
omission was a substantial factor in bringing about injury which would not otherwise have occurred." Prudential Ins. v.
Jefferson Assoc., 896 S.W.2d 156, 161 (Tex. 1995). Whether a particular act of negligence is a cause in fact of an injury is
a particularly apt question for the fact-finder. Farley v. M.M. Cattle Co., 529 S.W.2d 751, 756 (Tex. 1975). Foreseeability
requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable. Timberwalk
Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex.1998); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). 

 The evidence was conflicting as to whether appellees started the fire and whether the fire originated in the burn pit. 
Rolando Garcia, a fire marshal, testified the fire originated in the burn pit, and that "it should have been better taken care
of." Arturo Villanueva, who was employed with Mercer & Ussery, Inc., testified the burn pit was the origin of the fire. He
also testified he saw smoke coming from the burn pit days before the fire. Appellees presented evidence that they did not
start the fire. Moreover, Armando Aguirre testified, "[i]t was not the burn pit where the fire start (sic)." As the trier of fact,
the court was entitled to believe the testimony that appellees did not start the fire and that the fire did not originate from the
burn pit. 

 The trial court found that the fire started from an unknown source and spread to the appellants' property as a result of
strong winds. The court concluded the occurrence of the fire spreading onto the adjoining property was an unavoidable
accident not proximately caused by the negligence of any party to the lawsuit. An unavoidable accident is "an event not
proximately caused by the negligence of any party to it." Reinhart v. Young, 906 S.W.2d 471, 472 (Tex. 1995); Hukill v.
H.E.B. Food Stores, Inc., 765 S.W.2d 840, 843 (Tex. App.--Corpus Christi 1988, no writ). To establish an unavoidable
accident, a party must present "a theory under which the accident could have happened, notwithstanding all the parties to
the transaction exercised the degree of care required by law." Hukill, 765 S.W.2d at 843 (quoting Orange & N.W.R. Co. v.
Harris, 127 Tex. 13, 89 S.W.2d 973, 974 (1936)). 

 In the instant case, there was testimony from numerous witnesses that the wind was strong on the day of the fire. One
witness testified that "all of a sudden -- I don't know if a big gust of wind came or what, but that thing [the fire] just came
like it had gun powder; and it just came straight to the tanks like that." Fay Elizabeth Mercer, a witness for appellants,
testified as follows: 

 Counsel: Did you determine, ma'am, that it was a very windy day? 



 Mercer: Oh, it was very windy. Yeah. 



 Counsel: Okay. And that possibly caused the fire to come over? 



 Mercer: Yes, sir. 



 Counsel: Okay. And that's what your investigation revealed; is that right? 



 Mercer: It was pretty evident. 



 Counsel: It was pretty clear that that's what caused it, right? 



 Mercer: Correct. 



 Counsel: Had you not -- 



 Mercer: Well, it contributed. Yeah. 



 Counsel: Pardon me? 



 Mercer: Contributed, certainly. Yes. 



 Counsel: Okay. And had it not been so windy, maybe it wouldn't have gone over; is that accurate? 



 Mercer: I'm no -- 



 Counsel: As quick? 



 Mercer: -- fire expert, but so quick. 



 Counsel: Okay. 



 Mercer: Possibly. 



 Appellants assert that the trial court's finding that the spreading of the fire was an unavoidable accident was improper
because the evidence showed appellees' negligence caused the fire to spread. According to appellants, appellees' negligent
maintenance of their property, including their operation of a fire pit without a spark protector and their failure to cut or
remove dried vegetation from the property, proximately caused the fire to spread to appellants' property. As appellants
note, Armando Aguirre was aware of dry grass in the area surrounding the burn pit. However, appellees provided evidence
that they took steps to eliminate the risk of a fire spreading to adjoining properties. Horacio Aguirre testified as follows: 

 Counsel: Okay. Did you ever try to maintain that back property that [is] reflected in these pictures as Exhibit 3, as far as
cutting down grass? 



 Aguirre: Yes. 



 Counsel: You did try to maintain those areas? 



 Aguirre: Yes. 

 Moreover, there was testimony that the fire did not start at the burn pit. If the court chose to believe this testimony, then it
could naturally conclude that appellees' alleged negligent maintenance of the burn pit (i.e., not having a spark protector,
placing the burn pit close to appellants' property, and failing to monitor the pit during burning) was not the cause in fact of
the spreading of the fire. These allegations of negligence would relate to the origin of the fire, rather than its spreading. 
The trial court was entitled to believe this testimony and conclude that the burn pit was not the "cause in fact" of the
spreading of the fire. 

 Appellants urge that appellees should be held liable consistent with Butler, Inc. v. Henry, 589 S.W.2d 189, 192 (Tex. Civ.
App.-Waco 1979, writ ref'd n.r.e), and Hamilton v. Jenkins, 235 S.W.2d 195, 196 (Tex. Civ. App.-San Antonio 1950,
mand. overr.). In those cases, however, the evidence showed that the defendants set fires on their property, causing damage
to adjacent properties. See Henry, 589 S.W.2d at 192-83; Hamilton, 235 S.W.2d at 196; Here, by contrast, there is
conflicting evidence as to whether appellees set the fire and the origin of the fire. 

 Appellants also liken this case to Texas and Pacific Railroad v. Brandon, 183 S.W.2d 212, 213-14 (Tex. Civ.
App.-Eastland 1944, pet. ref'd). Significantly, in that case, the court of civil appeals upheld a trial court's finding that a
railroad company proximately caused a fire by negligently maintaining the right of way, "[d]espite conflicting evidence
about whether defendant's train had started the fire[.]" In this case, the parties presented the trial court with conflicting
evidence regarding the source and origin of the fire, and the court, based on the evidence before it, found appellees did not
proximately cause any damage to appellants' property. As the trier of fact, the court was entitled to believe the testimony
that appellees did not start the fire and that the fire did not start in the burn pit. Furthermore, unlike this case,
Brandoninvolved the duty of a common carrier to maintain a right of way. See id. 

 The trial court was entitled to accept the evidence that strong winds rather than any negligence on the part of appellees
caused the fire to spread to appellants' property. The trial court's judgment that appellants take nothing was not so contrary
to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellants'
second issue is overruled. 

 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ 

 Justice 





Dissenting opinion by Justice Linda Reyna Yañez. 



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 31st day of August, 2000. 

1. The Hartford Insurance Company is subrogated to appellants' claim. 

2. The court also found that an act or omission of a person or persons not parties to the lawsuit was the sole proximate
cause, that appellees acted as persons of ordinary prudence when confronted with an emergency situation, and that the
occurrence was due exclusively to natural causes. 






NUMBER 13-98-394 -CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



MERCER & USSERY, INC., ET. AL., Appellants, 



v.

 

ARMANDO AGUIRRE, ET. AL., Appellees. 

___________________________________________________________________ 



On appeal from the 92nd District Court

 of Cameron County, Texas.

 ___________________________________________________________________ 



DISSENTING OPINION

 

Before Justices Hinojosa, Yañez and Rodriguez

 Dissenting Opinion by Justice Yañez

 Because I would hold the trial court's judgment was so contrary to the great weight and preponderance of the evidence as
to be clearly wrong and manifestly unjust, I dissent. 

 Appellants allege that appellees started a fire in a burn pit and that the fire then spread, due to one or more of the following
acts or omissions: 

 1) Locating the burn pit too close to the appellants' property and appellants' improvements on that property; 

 

 2) Failing to place a protective screen over the burn pit while burning debris; 

 

 3) Failing to monitor the burn pit during the burning process; 

 4) Repeatedly burning excessive wood products and other combustible material in close proximity to appellants' property
and improvements thereon; 

 

 5) Locating the burn pit in such a position that would allow the prevailing breeze to repeatedly carry heat and combustible
material onto appellants' property and improvements thereon. 

 In order to prevail on their negligence claim, appellants were required to establish 1) a legal duty owed by one person to
another; 2) a breach of that duty; and 3) damages proximately resulting from the breach. Greater Houston Transp. Co. v.
Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The duty here is that of a landowner to act with ordinary prudence to prevent a
fire from spreading from his or her land. See Gulf, Colorado & Santa Fe Ry. Co. v. Oakes, 58 S.W. 999, 1000-01 (Tex.
1900). 

 "Proximate cause consists of two elements, cause in fact, and foreseeability. Both elements must be established or no
liability will attach to the defendant." Chapman v. Oshman's Sporting Goods, Inc., 792 S.W.2d 785, 787 (Tex.
App.--Houston [14th Dist.] 1990, writ denied) (citing El Chico Corp. v. Poole, 732 S.W.2d 306 (Tex. 1987)). Causation
need not be supported by direct evidence; circumstantial evidence and inferences therefrom are a sufficient basis for finding
causation. Havner v. E-Z Mart Stores, 825 S.W.2d 456, 459 (Tex. 1992); City of Gladewater v. Pike, 727 S.W.2d 514, 515
(Tex. 1987);Farms Servs. v. Gonzales, 756 S.W.2d 747, 752 (Tex. App.--Corpus Christi 1988, writ denied). Appellants
provided evidence that 1) the fire started in appellees' burn pit, 2) the fire was left unattended, and 3) appellees allowed the
premises to remain in a condition such that the fire spread quickly across their land to their neighbors' land. Under the
conditions provided by this evidence, it is foreseeable that appellants would suffer property damage. 

 The majority dismisses Texas and Pacific Railroad v. Brandon,(1) on the grounds that the court in that case upheld the
finding of the trial court and on the basis that the defendant was a common carrier. Neither the court's action in Brandon,
nor duties of a common carrier should discount the similarities in the facts of the two cases. InBrandon, the plaintiff sued
for negligence after a fire spread to his property from the railroad's right-of-way after a train had passed through the land.
Texas and Pacific Railroad v. Brandon, 183 S.W.2d 212, 213 (Tex. Civ. App.--Eastland 1944, pet. ref'd). The plaintiff
claimed that the defendant had started the fire, and the defendant denied this claim. The railroad's negligence was the
proximate cause of plaintiff's damages. Id. The railroad was held liable because it had negligently allowed the
right-of-way to be covered with dry weeds, grasses and other vegetation; the fire occurred right after the train passed, and
spread from the tracks, across the negligently kept right-of-way, to the plaintiff's land. Id. at 216. 

 Here, as in Brandon, the parties bringing suit did not provide direct evidence that appellees started the fire.(2) However,
appellees admitted to using the burn pit once or twice a month to burn household goods without the safety of any type of
spark protector. A witness provided an affidavit that the fire spread from the appellees' property to the appellants' property.
The day after the fire, Hidalgo County Fire Marshal Rolando Garcia confirmed the fire pit as the point of origin when he
dug two feet down into the pit and found the soil still too hot to handle. 

 The record provides conclusive evidence that appellees were negligent in the manner that they kept their property for the
purposes of burning trash. Photographs show that there were dry weeds and grass on appellees' property, and
noncombustible machinery, pipes, and metal debris on the appellants' property between the burn pit and a structure on
appellants' property that was seriously damaged. There was no protective screen around the burn pit to prevent sparks or
fire from escaping to the dried grass and weeds nearby. The record does not reflect that appellees took any steps to
eliminate the risk that a fire might spread to adjacent property, nor that they took reasonable care to monitor the fire pit.
Hence, the elements of negligence are met. 

 The majority finds the following testimony substantially probative to uphold the trial court's decision: 

 Counsel: Okay. Did you ever try to maintain that back property that [is] reflected in these pictures as Exhibit 3, as far as
cutting down the grass. 



 Aguirre: Yes. 

 Counsel: You did try to maintain those areas? 

 Aguirre: Yes. 

The record before this Court shows that the back property was not well maintained. A mere attempt to try to maintain their
property is not enough. Appellees had lived at the property for forty years. In those decades, if they had not
evermaintained the area, it would be as wild as when the first Spaniards explored the area. 

 Appellees raise the issue that emergency conditions were the cause of the fire, or that the fire constituted an unavoidable
accident. We see no evidence in the record of any emergency before the fire spread out of control. The appellees could not
control the wind, but they could control their own behavior and the conditions on their property. An unavoidable accident
is an "event not proximately caused by negligence of any party to it." Reinhart v. Young, 906 S.W.2d 471, 472 (Tex. 1995)
(citing Dallas Ry. & Terminal Co. v. Bailey, 250 S.W.2d 379, 385 (Tex. 1952)); Hukill v. H.E.B. Food Stores, Inc., 756
S.W.2d 840, 843 (Tex. App.--Corpus Christi 1988, no writ). The affirmative defense of unavoidable accident is established
by "a theory under which the accident could have happened, notwithstanding [whether] the parties to the transaction
exercised the degree of care required by law." Hukill, 756 S.W.2d at 843 (quoting Orange & N.W.R. Co. v. Harris, 89
S.W.2d 973, 974 (1936)). 

 The majority accepts the trial court's determination that extraneous natural conditions caused the fire to spread out of
control. However, it is negligent to burn when there are unusually strong winds. Appellees have lived on this property for
forty years, burning trash on it at least once a month. Setting a fire while not paying attention to the prevailing winds
constitutes negligence. The impropriety of the appellees' decision to burn is accentuated by the negligent upkeep of the
premises which allowed the fire to easily spread across the property. This event was not proximately caused by the winds;
it was appellees' negligence burning in these winds in an area overgrown with vegetation and without a spark protector that
allowed the fire to spread out of control. 

 Appellees also argue that a third party was the sole proximate cause of this accident. This is based solely on sketchy
testimony by two of appellees' witnesses, who testified that children from a nearby elementary school or colonia were seen
close to the property on the day of the fire. This is speculation that does not establish any feasible conclusion. See Pelton
v. Dawley, 556 S.W.2d 398, 400 (Tex. Civ. App.--Waco 1977, no writ) (deciphering of handwriting in holographic will so
speculative as to be against the great weight and preponderance of the evidence). 

 After examining the entire record, I conclude that the trial court's judgment is against the great weight and preponderance
of the evidence, clearly wrong, and manifestly unjust. See Thomas v. McNair, 882 S.W.2d 870, 882 (Tex. App.--Corpus
Christi 1994, no writ). Accordingly, I would sustain appellants' second issue, reverse the judgment of the trial court, and
remand for a new trial.



 

 LINDA REYNA YAÑEZ 

 Justice 



Do Not Publish. 

Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 31st day of August, 2000.

1. 183 S.W.2d 212 (Tex. Civ. App.--Eastland 1944, pet. ref'd).

2. See Havner v. E-Z Mart Stores, 825 S.W.2d 456, 459 (Tex. 1992) (circumstantial evidence and inferences therefrom are
a sufficient basis for finding causation).